INHABITANTS OF WEST ROXBURY *vs.* WILLIAM MINOT.

No action can be maintained to recover an assessment made under Gen. Sts. *c.* 45, § 7, authorizing the mayor and aldermen of cities and the selectmen of towns to grade sidewalks and to assess upon the abutters one half the expense; but the only remedy in such case is the enforcement of the lien given by the statute.

By the submission of a case upon an agreed statement of facts, all defects of pleading are waived, and the plaintiff can recover if the facts stated disclose a cause of action; but if the plaintiff's remedy is solely by the enforcement of a lien and not by action, he cannot recover.

CONTRACT to recover the amount assessed upon the defendant under Gen. Sts. *c.* 45, § 7, as his share of the expense of grading a sidewalk.

In the Superior Court, the case was submitted upon an agreed statement of facts. Judgment was ordered for the plaintiffs, and the defendant alleged exceptions.

*F. V. Balch*, for the defendant.

*W. Colburn*, for the plaintiffs.

ENDICOTT, J. This case comes within the rule stated in *Roxbury* v. *Nickerson*, ante, 544.

The St. 1855, *c.* 43, gave cities and towns accepting the same, authority to establish and grade sidewalks, and assess upon the abutters one half of the expense thereof; such assessments to be

a lien upon the abutting lands, as taxes are a lien upon real estate. This was the first general legislation on the subject. These provisions are reënacted in Gen. Sts. *c.* 45, §§ 7, 8. The method for collecting such assessments thus prescribed by the statutes must be followed, the lien must be enforced by a sale of the land, and a town cannot collect such assessments in an action at law. *Roxbury* v. *Nickerson, supra.*

But the plaintiffs contend that the defendant, having submitted the case to the judgment of the court on an agreed statement of facts, cannot raise this question. Upon an agreed statement of facts, the only question open is whether the plaintiffs can recover upon any form of declaration or in any form of action. *Ellsworth* v. *Brewer,* 11 Pick. 316. *Cushing* v. *Kenfield,* 5 Allen, 307. *Merrill* v. *Bullock,* 105 Mass. 486. Such statement waives all defects in pleading. *Brettun* v. *Fox,* 100 Mass. 234. *Kimball* v. *Preston,* 2 Gray, 567. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, 277. *Rogers* v. *Daniell,* 8 Allen, 343, 349. But this is the extent of the rule. It does not apply where the subject matter of the suit is such that no action at law lies for its recovery. Taxes on real estate, being a lien on the estate, can only be enforced by the sale of the estate itself ; and an agreed statement of facts, signed by the parties, does not give the court jurisdiction to collect them, the statute being decisive as to the method of collecting.

By the agreed statement of facts, therefore, the defendant waived all technical objections to the pleadings and form of action, but he did not waive the question whether, in any form of action, the plaintiffs can recover taxes on real estate.

The cases cited by the plaintiffs were decided upon the special provisions of the charter of the city of Lowell, and do not apply to cases arising under this statute. *Lowell* v. *Wentworth,* 6 Cush 221. *Lowell* v. *French,* Ib. 223. *Lowell* v. *Wyman,* 12 Cush 273. *Judgment for the defendant.*