## Brown *v.* Rogers, Guardian.

AGREED STATEMENT.—*Evidence.*—*Guardian and Ward.*—In an action against a guardian, for the value of services voluntarily rendered by the plaintiff in maintaining, educating and caring for the ward, over and above the value of the latter's services, the cause was submitted to the court for decision, on an agreed statement of facts as to the extent and character, but not as to the value, of any of such services.

*Held,* the defendant denying the plaintiff's right to recover, and there being no evidence introduced as to such value, that the finding should be in favor of the defendant.

From the Marion Circuit Court.

*R. Denny,* for appellant.

*C. W. Smith* and *R. O. Hawkins,* for appellee.

Howk, J. — In this action the appellant, as plaintiff, sued the appellee, as defendant, in the court below. In his complaint the appellant alleged, in substance, that one Nelson Rogers, deceased, was a private soldier, in company " F " of the 5th Regiment, Indiana Volunteer Cavalry, in the United States service, in the War of the Rebellion, begun in 1861, and died in a rebel prison, while yet a private soldier, on the 17th day of January, 1865; that, in May, 1864, while said Nelson Rogers was a soldier in the service aforesaid, the mother of the appellee's ward, Joseph Rogers, being then dead, and there being no estate belonging to said Nelson Rogers, for the support of his said child, Joseph, the appellant received and took into his family the said child, Joseph Rogers, who was then only two years of age, and had maintained, supported and cared for said minor child continu-

·ously ever since, until the commencement of this action; that, on the 24th day of August, 1867, the appellee was ·duly appointed guardian of the person and estate of said minor child, and had continued since in said trust; that, .as such guardian, the appellee had collected and received, from the United States, pension money and arrears of pay and bounty, on account of the military services and death of said Nelson Rogers, to the amount of more than eight hundred and fifty dollars, belonging to said ward, Joseph Rogers, and had received as interest, from the loan of ·said moneys, over one hundred and fifty dollars; that ·said pension money was a gratuity from the United States, ·expressly intended and appropriated for the support and present benefit of the appellee's said ward; that the appellee had never applied any of said money to the support or benefit of his said ward, in any manner whatever; that, although the appellee had always known that the ·appellant was supporting and caring for said ward in a liberal manner, and to the full extent of his wants, comforts and necessities, and had always consented to such ·care and support, and had never made any other provision therefor, yet the appellee refused to pay the appellant therefor, although often requested so to do; that during two years the appellee's said ward had suffered ·continuously from sickness, by reason of which the appellant was put to great trouble, labor, care and expense for medical treatment; that, since the said ward arrived at proper age, he had been sent to school a large portion of the time; that such maintenance, support, care, clothing, medical treatment and schooling were reasonably worth one thousand dollars, over and above all services rendered the appellant by said ward, but the appellant said that he only asked for five hundred dollars, as full compensation therefor; and that, by reason of the tender age and delicate health of said ward, he had never rendered the appellant any substantial and valuable services, until within the last two years, and during that period his

services had not compensated for his support. Where-fore the appellant demanded judgment for five hundred dollars, and for all other proper relief.

Afterward, by agreement, the cause was submitted to the court below, for finding and judgment, "upon the following statement of facts," each party reserving the right to appeal from the judgment of the court, as in other cases:

"The said ward, Joseph Rogers, was born on the 29th day of May, 1862. His father, Nelson Rogers, enlisted in the United States military service, on the — day of ——, 1863, as a private of company "F," 90th Reg. (5th Cav.) Ind. Vols., and died in a rebel prison on the 17th of January, 1865, said Joseph's mother having died prior to his father's said enlistment. When said Nelson Rog-ers entered the United States service, said child was left in care of his sister, Mrs. Parthenia Fielder, with no property belonging to said Nelson for the support of said Joseph. In May, 1864, when said Joseph was near two years of age, his relatives requested plain-tiff to take him into plaintiff's family and take care of him, without any agreement as to the time he should keep him, as he then had no suitable home or means of support, to which request plaintiff assented, said child's father being at the time absent from home in the army, and there was no contract or agreement with plaintiff as to compensation for keeping said child. Ever since May, 1864, said Joseph has resided with the plaintiff, and is still with him, and during the whole period plaintiff has cared for said Joseph, and clothed him in a comfortable and respectable manner, and furnished him a good and comfortable home, and in all respects provided for and treated him as a member of his family, and, since old enough, has sent him to all the public schools, most of the time, that have been taught in the district of the plaintiff's residence. A few days after the plaintiff took said child he was attacked with whooping-cough, by rea-

son of which, with other illness, he continued sickly and troublesome for two years, and since that time has had frequent attacks of chills and fevers. No money or other compensation, of any kind whatever, has ever been paid to plaintiff for or on account of caring for, keeping and maintaining said Joseph Rogers. On the 24th day of August, 1867, the defendant was legally appointed as guardian of said Joseph Rogers, with other heirs of said Nelson Rogers, and continued in said trust. The only estate or property of said ward, that has ever come into defendant's hands, consists of arrears of pay and bounty, and pension money, paid to said defendant, as guardian, by the United States, on account of the services and death, as aforesaid, of the ward's father, the first of which pension money was paid to the defendant on the 8th day of May, 1872.

"Said guardian's last report shows, that, on the 23d day of August, 1875, there was in his hands, of bounty money belonging to said ward, the sum of - - - - - $99.75

"And his attorneys estimate that he has in hand, of pension money belonging to said Joseph, the sum of - - - - - - 777.53

"And, if he shall live till sixteen years old, he will be entitled to the further sum of - - 358.33

"Estimated value, on hand and in prospect - $1,235.61

"Said Joseph Rogers has no other assets or estate, actual or prospective, known to these parties.

"The plaintiff claims for the past maintenance of said child, over and above all services rendered, the sum of five hundred dollars, or such sum as the court may allow; and said defendant claims that plaintiff is not entitled to any other compensation than the services rendered to plaintiff by said ward."

Upon this statement of facts, the finding of the court was in favor of the appellee; and the appellant's motion

for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered upon and in accordance with the finding.

The overruling of his motion for a new trial is assigned by the appellant as error in this court.

It appears from a bill of exceptions, properly in the record, that the "statement of facts," above set out, "was all and the only evidence introduced or offered in said cause." Under this evidence, it is very clear, we think, that the finding of the court could not have been otherwise than for the appellee. The question submitted to the court for trial, as we understand it, was this: Was the appellant entitled to any compensation, and if so how much, "for the past maintenance" of the appellee's ward, over and above the value of the services rendered the appellant by said ward? The appellant claimed, that he was entitled to "the sum of five hundred dollars, or such sum as the court may allow;" while the appellee claimed, that the appellant was not entitled to any other compensation than the services rendered him by said ward. Very singularly the cause was submitted to the court for trial, without the introduction of any evidence to show what "the past maintenance" of the appellee's ward was worth, or what was the value of the services rendered the appellant by said ward. In the absence of such evidence, the court was bound to find for the defendant, the appellee.

The motion for a new trial was properly overruled.

The judgment is affirmed, at the appellant's costs.