RUFUS W. GILLETT AND THEODORE P. HALL v. THE DETROIT BOARD OF TRADE.

*Stipulation of facts a special verdict—Negligence.*

A stipulation of facts for purposes of judgment must be treated as a special verdict, and if it does not unequivocally show a liability the case must fail, as the burden of proof is on the plaintiff.

No liability for negligence can be established on a stipulation of facts which states that the act complained of was due to mistake or negligence.

Case made before judgment from the Superior Court of Detroit. Submitted June 15. Decided June 22.

TRESPASS on the case. Plaintiff brings error. Affirmed.

*H. F. Brownson* for plaintiff in error.

*F. A. Baker* for defendant in error.

MARSTON, C. J.   Judgment was rendered in favor of the defendant upon facts stipulated to by the attorneys of the respective parties.   The facts as thus agreed upon we must treat as a special verdict, and unless the same, unequivocally, show a liability the plaintiffs must fail, as the burden of proof is upon them.   In the sixth clause of the stipulated facts, it is said, that two car loads were number two white wheat and that they were inspected by Mr. Hatch, the inspector, as number one white wheat, through some mistake or negligence on his part.

The liability of the defendant may depend upon a determination of the fact as to whether the inspector made a mistake, or was guilty of negligence.   If he in fact inspected the wheat, and was mistaken in his judgment in supposing and classifying as number one white wheat, what in fact was, or in the opinion of others was not number one but wheat of an inferior grade, it can hardly be claimed that the defendant could be held liable for the damages resulting therefrom.   The defendant's liability, if liable at all, must depend upon an affirmative finding that Hatch did not simply make a mistake, but that he was guilty of negligence.   If he through negligence, did not look at or inspect the wheat in these two cars, a very different case would be presented from one showing a mistake of judgment merely.

Without intimating any opinion as to the liability of the defendant in either event, we are of opinion that no liability exists upon the case presented, and the judgment will be affirmed with costs.

The other Justices concurred.