THE STATE BANK OF ST. JOHN *et al.* v. GEORGE NORDUFT *et al.*

### No. 8.

1. PLEADING AND PROOF—*Variance—Defect in Petition—Waiver*. Where a case is tried by the court upon an agreed statement of facts, and no objection is raised in the trial court, either by demurrer or otherwise, to the sufficiency of the petition, a defect therein will be considered waived in a case where an amendment of the petition ought to be allowed to conform to the facts admitted, and the judgment will not be reversed on account of a

variance between the allegations of the petition and the admitted facts.

2. —————— *Written Instrument, Insanity of Party Executing.* Where a party to an action admits in a pleading the execution of a written instrument relied upon as a cause of action by the opposite party, but alleges, as an affirmative defense to such written instrument, that one of the parties who executed the same was insane and not capable of giving consent to the execution thereof, evidence may be introduced to support such allegation.

3. REPLEVIN—*Demand and Refusal.* Where a defendant in a replevin action bases his defense upon title in himself and the right of possession incident thereto, and does not rely on want of demand by the owner, and it appears that a demand would be vain and unavailing, if made, no proof of demand and refusal is required.

4. PRIOR LIEN—*Evidence.* Wherever a contest arises between two parties as to which has the prior or superior lien upon the property owned by a third person, either party may show any fact that will defeat the other party's lien, or postpone the same so as to render it subsequent or inferior. (*German Ins. Co. v. Nichols*, 41 Kan. 133.)

MEMORANDUM.—Error from Rice district court; J. H. BAILEY, judge. Action in replevin by George and Richard Norduft against B. F. Harmon and The State Bank of St. John, Kansas. Judgment for plaintiffs. Defendants bring the case to this court. Affirmed. The opinion herein, filed January 17, 1896, states the material facts.

*J. W. Rose*, for plaintiffs in error.

*C. F. Foley*, for defendants in error.

The opinion of the court was delivered by

COLE, J. : In July, 1889, G. F. Hubner was a resident of Stafford county, Kansas, and the owner of certain personal property, to wit : 1 bay mare, 1 sorrel horse, 1 farm wagon, 1 set of double harness. Said Hubner was a married man, and all of the property above described was exempt to him as the head

of the family.    On the 9th of July, 1889, the wife of
said Hubner was declared insane by proper proceed-
ings in the probate court of Stafford county, Kansas.
On the 12th day of July, 1889, Hubner and wife exe-
cuted a note and chattel mortgage to the State Bank
of St. John for $90, said mortgage being given upon
the property above described, and being duly filed for
record July 15, 1889.    After the above dates, and prior
to December 14, 1889, Hubner sold all of said prop-
erty to the defendants in error, who paid him the full
consideration and fair value therefor.    On December
14, 1889, B. F. Harmon, a constable of Stafford county,
received from the State Bank of St. John a certified
copy of the chattel mortgage above referred to, and on
said day demanded the property therein described and
above set forth from defendants in error, said demand
being made in Rice county, where said property had
been taken by Hubner and sold to defendants in error.
On the same day defendants in error brought this ac-
tion in replevin to recover said property, which was
returned to plaintiffs in error within 24 hours, they
having executed a redelivery bond.    At the time B.
F. Harmon obtained possession of the property, the
conditions of the mortgage to the State Bank of St.
John had been broken, and said bank and the officer
representing it would have been entitled to the pos-
session of said property, if the mortgage was a valid
lien thereon.    This cause was tried by the court upon
an agreed statement of facts, which was, in substance,
like the one given above, and a judgment was ren-
dered in favor of the defendants in error, plaintiffs
below, from which judgment the bank and Harmon
bring the case here for review.

    The first specification of error is that the petition
does not state facts sufficient to constitute a cause of

action against plaintiffs in error, and this question is raised in this court for the first time. No objection, either by demurrer or otherwise, was taken in the court below. We do not consider that, under the pleadings in this case, and the fact that the case was tried by the court upon an agreed statement of facts, plaintiffs in error are now in a position to raise this question. The objection now raised is to the form of the petition alone, and all the subsequent pleadings and the action of the parties in the trial of the cause were upon the theory that the petition was sufficient. Undoubtedly, after the submission of the case to the court upon the agreed statement of facts, an amendment would have been permitted if the attention of the trial court had been directed to the alleged defect, and it cannot be claimed that the defendant would have been in any manner prejudiced by such amendment. Such being the case, we feel that this court should treat the record as if such amendment was in fact made, and that the judgment ought not to be disturbed for this alleged error. (*Mo. Valley Rld. Co. v. Caldwell*, 8 Kan. 244 ; *Pape v. Capitol Bank*, 20 id. 440.)

The next specification of error is the overruling of the demurrer filed by the State Bank of St. John to the second count of the reply filed by the defendants in error. It appears from the record that the State Bank of St. John filed its separate answer, alleging the execution and delivery to it of a note and chattel mortgage by Hubner and wife, which mortgage covered the property in dispute. The reply of defendants in error consisted, first, of a general denial, and, second, of an allegation that Hubner's wife had not given, and was not capable of giving, consent to the execution and delivery of the mortgage in question, for the reason that, at the time of such execution and

delivery, she had been adjudged, and was, insane, and that the same was executed and delivered without her knowledge or consent, and that the property described in said mortgage was, by law, exempt, and not subject to alienation except by joint consent of husband and wife. The objection raised to the second count of the reply was, that as this virtually admitted the execution and delivery of the note and mortgage, the facts stated did not constitute any defense. This position is not well taken. It is true our statute provides that the allegation of the execution of a written instrument, unless the same is denied under oath, is taken as true, and it also is true that our supreme court has held in a number of cases that a failure to verify such denial not only admits the execution but the legal effect of such instrument; but it does not follow from this, nor has any case been cited which so holds, that a failure to verify a denial of the execution of a written instrument admits everything necessary to constitute a valid execution, nor is there a presumption of sanity, of power and right to execute, where the pleading which admits the execution of the instrument sets forth a specific reason why the execution was invalid. The defense, as stated in the reply, was in the nature of a confession and avoidance, and the demurrer thereto was properly overruled, and evidence admitted thereunder.

This brings us to the main proposition in this case, which is: Was the mortgage to the State Bank of St. John valid under the agreed statement of facts in this case? If it was, then the bank was entitled to the possession of the property in question. Paragraph 3914, General Statutes of 1889, provides:

"It shall be unlawful for either husband or wife (where that relation exists) to create any lien, by

chattel mortgage or otherwise, upon any personal property owned by either or both of them and now exempt by law to resident heads of families from seizure and sale upon any attachment, execution or other process issued from any court in this state, without the joint consent of both husband and wife ; and from and after the time when this act shall take effect, no such mortgage of personal property shall be valid unless executed by both husband and wife.''

This statute took effect May 25, 1889. The consent referred to in the statute is not a physical consent, but such intelligent, intellectual consent as would constitute a legal consent thereto. It has been held that where money is paid to one by mistake, and the person who receives the same, knowing that he has received that to which he is not entitled, converts the same to his own use with intent to defraud the owner, he is guilty of larceny ; there not being, in such a case, the courts say, the intelligent consent exercised in the payment of the money necessary to constitute a legal consent. If such is the rule where one is sane and presumed to act intelligently, how much more ought it to apply where the person performing an act has been adjudged insane. Now, in this case, the statute plainly says that a chattel mortgage upon property, such as is in dispute in this case, shall not be valid unless given by the joint consent of both husband and wife. The wife of Hubner had been declared insane by the probate court three days prior to the execution of the mortgage in question, of which action the bank must be presumed to have had knowledge, it having been rendered by the proper tribunal. This brings the case within the principle laid down in *Loan Co. v. Spitler*, 54 Kan. 560. In that case, ALLEN, J., in delivering the opinion of the court, says :

'' The facts of this case are essentially different from

those in either of the cases heretofore decided by this court cited in the brief of counsel for plaintiff in error. In this case, it appears not only that the plaintiff was insane at the time of making the deeds to McNaughton, but that he had been duly adjudged insane by the proper court, and a guardian of his person and estate appointed. These facts appear of record in the office of the probate judge. Benjamin Spitler had been confined in the insane asylum, but was then out on a temporary leave of absence. There is nothing in the findings indicating that McNaughton acted in good faith, or in ignorance of Spitler's mental condition. Under these circumstances, the court rightly held that the deeds to McNaughton were void.''

See, also, 1 Pars. on Contr. 383; *Gribben v. Maxwell*, 34 Kan. 8. It is true this case presents the anomaly of a person being able to convey full title to the property in question but being unable to create a valid lien thereon; but that is a proposition addressed to the legislature, and not to the judicial branch of our state government. It is urged by counsel for plaintiffs in error that this mortgage should be upheld for the reason that a portion of the proceeds of the loan which the mortgage was given to secure were used to purchase necessaries for Hubner's wife, and our attention is directed to a number of cases where contracts entered into by an insane person for the necessaries of life have been upheld; but the difficulty is that this was not a contract of that character, and it is impossible to tell from the agreed statement of facts how much, or how little, was used for that purpose. This was a loan made by the bank to G. F. Hubner only, and was not made for the purpose of procuring necessaries for an insane person.

The next specification of error is that no demand was made in this case prior to the bringing of this action. Under the pleadings and the agreed state-

ment of facts no demand was necessary. The plain-
tiffs in error did not base their defense in the trial
court on the theory that they would have surrendered
the property on demand. Their defense was based
upon a claim wholly inconsistent with the rights and
ownership of defendants in error, namely, a specific
ownership in the bank. Having based their defense
on title in themselves and not on the alleged consent
of defendants in error, they cannot now insist upon
a want of demand. (*Raper v. Harrison,* 37 Kan. 243 ;
*Farmers' Bank v. Bank of Glen Elder,* 46 id. 376.)

It is further contended that the defendants in error
are in no position to attack the mortgage of the bank.
This position is not correct. Whenever a contest
arises between two persons as to which has a prior
lien upon property of a third person, either party may
show any fact that will defeat the other's lien. (*Ger-
man Ins.·Co. v. Nichols,* 41 Kan. 133.)

The judgment of the district court will be affirmed.

All the Judges concurring.