# CHARLESTON

## HATFIELD v. CABELL COUNTY COURT.

Submitted January 27, 1915.   Decided February 2, 1915.

1. PARTIES—*Necessary Joinder—Joint Obligation.*
    Where an obligation confers a joint right on several obligees, they must all join in an action founded on it.   (p. 596).

2. PAYMENT—*Effect—Joint Obligation.*
    Payment to one of several joint obligees effectually operates to discharge the obligation.   (p. 597).

3. APPEAL AND ERROR—*Decision—Agreed Statement—Insufficient Evidence.*
    Where a cause has been tried on an agreed statement of facts by the court in lieu of a jury, and judgment rendered for the plaintiff, upon writ of error the evidence will be considered as though the defendant was a demurrant thereto, and if insufficient to warrant the judgment, reversal and judgment *nil capiat* must follow.   (p. 597).

Error to Circuit Court, Cabell County.

Action by Allen Hatfield against the Cabell County Court. Judgment for plaintiff, and defendant brings error.

*Reversed, and judgment for defendant.*

*Jean F. Smith,* for plaintiff in error.

*Rufus Switzer,* for defendant in error.

ROBINSON, PRESIDENT:

In a tract of land Hatfield owned an interest of twenty-one thirtieths, Swann eight thirtieths, and others one thirtieth. By verbal agreement with the owners the county court obtained the right to construct a public road through the land, for which it was to pay the sum of one hundred and seventy-five dollars. Pursuant to such agreement the road was put through the land. Later, at the suit of Swann, the land was partitioned, and the part through which was the road fell to Swann. That part was decreed to him in the partition suit, but the amount due from the county court was in no wise considered in the decree of partition or affected thereby. After Swann thus became the sole owner of the land through

which the road had been constructed, the county court paid to him the whole of the one hundred and seventy-five dollars.

The action now before us is one by Hatfield to recover from the county court his share of the one hundred and seventy-five dollars. He has obtained a judgment for the amount of his twenty-one thirtieths share with interest, from which judgment defendant brings error.

The case was tried by the court in lieu of a jury, on an agreed· statement of facts. The substance of that statement is what we have set forth in the first paragraph hereof. By the agreed statement of facts alone must the question of the liability of defendant be determined. Some matters presented in argument are not pertinent and must be wholly eliminated.

The contract to pay for the right to build the road was one with the owners of the land jointly. From the statement of facts the contract is disclosed as one for the payment of a sum of money to joint obligees. Nothing is shown whereby each of the owners of the land was severally entitled to his share in the sum to be paid. It simply appears that the whole of the sum was to be paid to them jointly. Defendant agreed to pay the owners of the land the sum of one hundred and seventy-five dollars, without reference to their respective interests in the land and without several obligation to them. The contract was one for their joint benefit. No one of them can have any several benefit from it. The contract as made, was expressly and positively joint. It discloses no several right or benefit. Looking to all the terms · of the contract expressed in the statement of facts, we observe only that the sum is payable to all the obligees jointly, for there is nothing therein to show us what several right any one of them has in the sum. We observe no several covenants; a single covenant appears wherein the obligees are only jointly identified. "Wherever an obligation is undertaken by two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose; but on the other hand, there should be words of severance, in order to produce a several responsibility or a several right." 1 Parsons on Contracts, (8th ed.), 11.

The right to the money being joint, plaintiff alone can not, as he undertakes to do, maintain an action to recover his

share of the money. "If an obligation confer a joint right upon several covenantees, they must all join in an action founded upon it." 2 Chitty on Contracts, (11th Amer. ed.), 1340. "Two persons to whom or for whose benefit a third person has promised to pay a single amount cannot maintain separate suits for their alleged shares of such amount, or the whole thereof. They must sue jointly." *Phoenix Assurance Co.* v. *Fristoe,* 53 W. Va. 361.

But a more complete denial of plaintiff's right of action must come from the statement of facts wherein its is recited that defendant has paid the whole of the debt to Swann, one of the joint obligees to whom it was payable. The payment to Swann discharged defendant from the obligation. The following are some of the iterations of the settled rule here applicable: "Payment to any one of several joint obligees discharges the obligation." *Allen* v. *South Penn Oil Co.,* 72 W. Va. 155; "The payment of a debt to one of two persons to whom it is jointly due is effectual." Bishop on Contracts, sec. 875; "A release of a debt, or of a claim to damages, by one of many who hold this debt or claim jointly, is a full discharge of it." 1 Parsons on Contracts, (8th ed.), 27; "Accord and satisfaction with one of several plaintiffs or joint creditors is a complete extinction of the claim, and is a good accord and satisfaction without showing that the one who made the settlement had authority from the others to do so." 1 C. J. 537.

Where a case has been tried by the court in lieu of a jury, upon writ of error the evidence will be considered as though the plaintiff in error was a demurrant thereto. *Rohrbough* v. *Express Co.,* 50 W. Va. 148. *A fortiori* it is so where the case has been tried by the court on an agreed statement of facts. The evidence, as we have observed, by no means sustains the finding of the circuit court. Therefore, the judgment will be reversed, and final judgment that plaintiff take nothing by his suit will here be entered. Plaintiff's remedy for his share of the money is against Swann, to whom it has been paid in discharge of the obligation of defendant herein.

*Reversed, and judgment for defendant.*