(No. 12387.—Judgment affirmed.)
JAMES R. HILLS, Defendant in Error, *vs.* JOSEPH HOPP, Plaintiff in Error.

*Opinion filed February 20, 1919—Rehearing denied April 3, 1919.*

1. CORPORATIONS—*when issue of certificate is not conclusive of sale of stock by corporation.* Where the president of a corporation sells stock which he has subscribed for, the fact that a certificate of stock is issued to the purchaser and not assigned to him by the vendor is not conclusive that the sale was a sale of stock by the corporation itself.

2. CONTRACTS—*what is not an expression of opinion by vendor.* Where the president of a corporation, in making a sale of stock which he has subscribed for, promises to buy the stock back if the purchasers are dissatisfied, the promise is a part of the contract of sale and not an expression of opinion.

3. SAME—*agreement which may be performed within year is not within Statute of Frauds.* The provision of the Statute of Frauds requiring agreements not to be performed within a year to be in writing does not include an agreement which may be performed within the year.

4. SAME—*when sale of stock is not an option contract.* Where the president of a corporation, in making a sale of stock which he has subscribed for, promises to buy the stock back if the purchasers are not satisfied, the purchase and sale on such terms is not an option contract.

5. APPEALS AND ERRORS—*Supreme Court may examine Appellate Court's opinion.* The opinion of the Appellate Court may be examined by the Supreme Court to ascertain the questions considered, how they were disposed of and to determine the reasons for the decision and judgment.

6. SAME—*when Appellate Court may reverse judgment for defendant and enter a judgment for plaintiff.* In an action for the recovery of money, where a jury trial has been waived, if the Appellate Court agrees with the lower court upon the facts proved showing the contract but disagrees with the conclusion of the lower court that the contract was unilateral and void as an option contract, it may reverse the judgment in favor of the defendant and enter final judgment in favor of the plaintiff.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding.

GROSSBERG & HAFFENBERG, for plaintiff in error.

FREDERICK A. BANGS, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court upon a petition for a writ of *certiorari* to review a judgment of the Appellate Court reversing a judgment of the municipal court in favor of plaintiff in error here for costs and rendering judgment in the Appellate Court in favor of defendant in error here for $1200 and costs of suit.

Six individuals brought separate suits in the municipal court of Chicago against Joseph Hopp, plaintiff in error, to recover back from him money they had paid for stock in the Standard Theatres Company, a corporation of which Hopp was president and active manager. The statement of claim filed by Hills, defendant in error, alleged the plaintiff's claim was for money due and owing from the defendant under a contract of December 6, 1912, whereby defendant agreed with the plaintiff, as a consideration for the sale by him to plaintiff of 120 shares of the capital stock of the Standard Theatres Company for $1200, that if at any time plaintiff became dissatisfied he might return the stock to defendant, who would pay plaintiff the amount he had paid for it, namely, $1200. The statement of claim alleged plaintiff became dissatisfied and tendered the stock back to defendant, whereby he became indebted to plaintiff in the sum of $1200.

The six plaintiffs in the suits brought were Hills, the defendant in error, Thiede, Jahr, Scheck, Schneider and Timms. The grounds alleged for recovery were the same in each case. For convenience Hills will hereafter be referred to as plaintiff and Hopp as defendant. Before the trial was entered upon it was stipulated by counsel for the respective parties that the case of Hills against Hopp be submitted to the court without a jury and that it be consolidated with the other five cases. Soon after the trial was entered upon the court stated that he was hearing only the

plaintiff's case, and said, in substance, that if it was desired that the facts in that case should be the basis of the finding in all the other cases that might be done. Counsel on both sides said that was their desire and understanding, and the court directed them to prepare a stipulation to that effect. The stipulation prepared is merely that the cases be consolidated, but it appears to have been the understanding of court and counsel that the evidence in plaintiff's case, at least so far as it was applicable, should be considered in all the other cases. The agreement of defendant sued on by all the plaintiffs with the exception of Jahr was alleged to have been made at a meeting held at defendant's office the first week in December, 1912, at which all the parties except Jahr were present. At the conclusion of the evidence the trial court made findings of fact, refused certain propositions of law asked by plaintiff and rendered judgments in favor of defendant in all the cases except the Thiede case, in which a judgment for Thiede was rendered for $300. Plaintiff prosecuted an appeal to the Appellate Court for the First District. That court reversed the judgment of the municipal court and entered judgment in favor of plaintiff against defendant for $1200, which is the judgment for review in this case.

Defendant, Hopp, was an officer and stockholder of the Standard Theatres Company. The proof shows that at a meeting held at his office in December, 1912, there were a number of persons in attendance as prospective purchasers of stock in the corporation. Among those present were plaintiff and most of the others who brought suits against defendant, and perhaps others. At that meeting defendant urged those present to buy stock, representing that it would be a paying investment; that he could interest men of capital in the stock but preferred that it be bought by people of moderate means, as he wanted working stockholders and officers. He further stated that if any one or more of those present bought stock in the corporation and

afterwards became dissatisfied he would purchase the stock back and pay them par value or the amount the purchaser had paid.

On motion of the plaintiff the municipal court specially found in writing the following facts, viz.: That the stock was purchased from defendant; that he promised plaintiff, before it was purchased, that if he afterwards became dissatisfied he (defendant) would purchase it back and pay therefor the par value or the amount plaintiff had paid for it. The court made other findings of fact as to defendant's connection with and interest in the Standard Theatres Company. The court held as propositions of law that the contract sued on was not an option contract within the meaning of the Criminal Code and that it was not within the Statute of Frauds, but refused to hold that it was not unilateral or lacking in mutuality. The court refused a proposition of law requested by plaintiff, the effect of which was that he was entitled to recover, and rendered judgment for defendant. While the trial court held the facts to be substantially as claimed by plaintiff it held the law did not authorize a recovery. The view of the trial court appears to have been that the contract relied upon by plaintiff was unilateral and lacking in mutuality. The Appellate Court reversed the judgment of the municipal court, not because it found the facts different from that court but because it disagreed with the municipal court as to the law. The Appellate Court's conclusion of law from the facts was that the contract sued upon was not unilateral or lacking in mutuality, and therefore, under the facts found by the trial court, held that the judgment should have been for plaintiff.

The condition of this record is in some respects confusing. In his brief defendant asserts that no evidence was offered on his behalf; that at the conclusion of the evidence offered on behalf of plaintiff defendant moved the court to exclude the evidence, which motion was allowed by the court, and after making a finding of facts and hold-

ing and refusing certain propositions of law judgment was
rendered in favor of defendant. The abstract shows coun-
sel for defendant orally made a motion to exclude the evi-
dence. The court said he was willing to hear further evi-
dence in the Thiede case, stating why he thought that case
different from the others, and said, apparently to counsel
for plaintiff, "but on the other cases I am against you."
Thereafter defendant testified as a witness in his own be-
half, and William A. Rohe, Alice Rohe and Edwin H. Lan-
sing were called and testified as witnesses in his behalf. No
ruling other than that we have above set out was made by
the court. Most of the testimony of the witnesses on be-
half of defendant had no reference whatever to the point
upon which the court said he would hear more evidence in
the Thiede case but was principally in the nature of a con-
tradiction of the case made by plaintiff. The situation pre-
sented by the record is that of a case tried by the court
without a jury, and the court, after hearing the evidence of
both parties, makes a finding of facts but holds that un-
der the facts the law does not authorize a recovery by the
plaintiff because the contract sued on is unilateral and lacks
mutuality. Without finding the facts differently from the
trial court the Appellate Court held the agreement or con-
tract sued on was not unilateral and did not lack mutuality
and that the trial court erred in not rendering judgment
for plaintiff, and the Appellate Court thereupon reversed
the judgment of the municipal court and did not remand
the case but rendered judgment in that court for plaintiff.

It is earnestly insisted by defendant that plaintiff failed
to prove the purchase of stock by him of defendant as al-
leged in the statement of claim, and for that reason the
Appellate Court should have affirmed the judgment of the
municipal court. That clearly was not the basis of the
municipal court's action, for it specially found that the
stock was purchased from defendant. It is not disputed
the defendant had subscribed for 1020 of the corporation's

1500 shares of stock. It is claimed that he really owned but 450 shares, which was his original subscription, and that he was only a nominal subscriber for the 570 shares he later subscribed for; that it was never intended that he should pay for that stock but that it was treated as unsubscribed or treasury stock belonging to the corporation. The certificate of stock of plaintiff was issued to him and was not assigned to him by defendant. We do not consider this conclusive that the sale to plaintiff of stock was a sale by the corporation. The sale was of stock subscribed for by the defendant, who was president of the corporation. It was he who urged plaintiff and others to buy stock and personally agreed that if they purchased and afterwards became dissatisfied he would buy it back. As subscriber for and nominal owner of the stock, and also as president of the corporation, it was not a difficult matter for him to cause the certificate to be issued to plaintiff. The conclusion is warranted that the sale was by and for his benefit. Defendant said at the meeting in his office, when he urged plaintiff and others to buy the stock, that any time they became dissatisfied he would purchase it back. His counsel say, assuming he did say that, it was a mere expression of opinion not intended to be contractual. This is obviously unsound. He did picture to his audience of possible stock subscribers a successful and profitable career for the enterprise and that the investment would be profitable to the investors. As a further inducement to buy he agreed that he would personally buy the stock back from any who became dissatisfied. This was not an expression of opinion but is the language one would use if he intended to make a contract. The contract sued on had all the elements necessary to a valid contract unless it was void as an option contract or was within the Statute of Frauds, and we think the municipal court correctly held in propositions of law that it was not invalid on either of those grounds. The agreement was fully executed on the part of plaintiff

and might have been performed within a year. It was therefore not within the Statute of Frauds. (*Fraser* v. *Gates,* 118 Ill. 99; *MacDonald* v. *Crosby,* 192 id. 283.) Nor was the contract void as an option contract. *Osgood* v. *Skinner,* 211 Ill. 229; *Kantzler* v. *Bensinger,* 214 id. 589.

It is also insisted by defendant that it was error for the Appellate Court to reverse the judgment of the municipal court and not remand the cause but render judgment for plaintiff, because, it is claimed, the municipal court, after excluding plaintiff's evidence, rendered judgment in defendant's favor and defendant's side of the case has never been heard. We have seen the record does not sustain defendant's claim that no evidence was heard in his behalf. It appears from the abstract that the court, in fact, made no ruling on defendant's motion. What the court said indicated he was favorable to it but desired further evidence in the Thiede case upon a certain line suggested which was not common to the other cases. Defendant then called witnesses who testified as before stated, and much of their testimony was in contradiction of the case made by plaintiff and had no relation to the point suggested by the court in the Thiede case. There was no violation of defendant's constitutional right to trial by jury by the judgment of the Appellate Court. The Appellate Court opinion may be examined as the source from which to ascertain the questions considered, how they were disposed of and to determine the reasons for the decision and judgment. (*Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.) The Appellate Court agreed with the municipal court on the facts proved but disagreed with that court on the law arising out of those facts. The municipal court held the contract relied upon by plaintiff was proved by the evidence and was not an option contract within the meaning of the statute and that it was not within the Statute of Frauds. That court refused propositions of law asked by plaintiff that the contract was not unilateral and was not lacking

in mutuality, and if that was correct it would necessarily defeat a recovery by plaintiff. The Appellate Court was of a contrary view as to the law. That court agreed with the facts found by the municipal court and held the contract sued on was a valid contract, not unilateral or lacking in mutuality. Its judgment was the result of its disagreement with the municipal court solely on a question of law. A jury had been waived, by agreement of the parties, in the municipal court, and under the facts found by the municipal court, with which the Appellate Court agreed, no other judgment than one for plaintiff was authorized. We think the Appellate Court, under the facts and the state of this record, was authorized to render the judgment it did render. *City of Spring Valley* v. *Spring Valley Coal Co.* 173 Ill. 497.

The judgment is affirmed.                     *Judgment affirmed.*