UNITED STATES NATIONAL BANK OF RED LODGE, RESPONDENT, *v.* GREAT WESTERN SUGAR CO., APPELLANT.

(No. 4,247.)

(Submitted January 7, 1921.  Decided February 4, 1921.)

[199 Pac. 245.]

*Conversion—Chattel Mortgaged Property—Liability of Buyer —Complaint — Amendment to Conform to Proof — Agreed Statement of Facts—Waiver of Defects—Variance—Appeal —Rehearing.*

Conversion—Chattel Mortgaged Property—Liability of Buyer with Notice.
1.   Where a mortgage on a crop of beets was recorded in the office of the county clerk and recorder of the county in which the land on which they were to be grown was situated, a sugar company which had entered into a contract with the predecessor of the mortgagor to buy them when grown and therefore had no vested interest in them until delivery, which took place at a time when the mortgagee was entitled to their possession, had constructive notice of the mortgage and became liable to the mortgagee as for conversion.

Same—Liability of Buyer of Chattels Mortgaged.
2.   A chattel mortgagee may maintain an action for conversion against the purchaser of the property upon the latter's appropriation thereof to his own use, the mortgagee having at the time the right of possession and the obligation for which the mortgage was given being unpaid.

Same—Consent to Sale—Nonliability of Buyer.
3.   A chattel mortgagee who consents to the sale of the mortgaged property cannot maintain an action of conversion against the purchaser.

Same—When Mortgagee may Maintain Action Against Buyer.
4.   To entitle a chattel mortgagee to maintain an action in conversion against the buyer of the mortgaged property, he must have been entitled to its possession at the time of the alleged conversion.

Pleadings—Complaint—Amendment to Conform to Proof—When Rule not Applicable.
5.   The rule that the complaint may be deemed amended after trial to conform to the proof cannot be invoked where the amendment involves a change in the issues of the case and does not conform to the theory upon which it was tried.

ON REHEARING.

Trial on Agreed Statement—Waiver of Defects—Variance—Appeal.
6.   Where a cause is tried on an agreed statement of facts which purports to contain all of the evidence, the pleadings become immaterial except in so far as admissions therein contained are concerned, the trial court must render judgment on the merits of the case as disclosed by such statement, and the supreme court on appeal will

affirm the judgment· where under the facts as agreed plaintiff was entitled to prevail even though there was a fatal variance between the pleadings and the proof.

Appeal—Rehearing—Power of Supreme Court.

7. On rehearing the supreme court may review the entire case and correct any error that may be apparent, even though such action may not be favorable to movant.

*Appeal from District Court, Yellowstone County; Charles A. Taylor, Judge.*

ACTION by the United States National Bank of Red Lodge against the Great Western Sugar Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Messrs. Goddard & Clark,* for Appellant, submitted a brief; *Mr. O. F. Goddard* argued the cause orally; *Mr. Caldwell Martin,* of Counsel.

"Agreed statements of fact are solemn admissions, resembling special verdicts, and (as with the latter) the meaning of the language in which they reach us cannot be enlarged beyond its express scope." (*Ozark Plateau Land Co.* v. *Hays,* 105 Mo. 143, 16 S. W. 957; *Koppel* v. *Mass. Brick Co.,* 192 Mass. 223, 78 N. E. 128; *Gallagher* v. *Hathaway Mfg. Co.,* 169 Mass. 578, 48 N. E. 844.)   Plaintiff cannot recover unless the matters stated entitle him to a judgment as a matter of law. (*Coffin* v. *Artesian Water Co.,* 193 Mass. 274, 79 N. E. 262.) Where the agreed statement of facts does not contain facts sufficient to warrant a finding for plaintiff, the judgment must of necessity be for defendant. (*City of Boston* v. *Brooks,* 187 Mass. 286, 73 N. E. 206.)

The agreed statement of facts does not show any right of possession in the plaintiff at the time of the alleged conversion. The action in this case is one for damages for the alleged wrongful conversion of beets by the defendant, and it was incumbent upon the plaintiff to plead and to prove that it was entitled to the immediate possession of the beets at the time of the alleged conversion.   "The right of possession must have been immediate, absolute and unconditional." (21 Pl. & Pr.

1041.)   The complaint must show the right to immediate possession at the time of the alleged conversion.   (*Sawyer* v. *Robertson,* 11 Mont. 416, 28 Pac. 456; *Paine* v. *British-Butte Min. Co.,* 41 Mont. 28, 108 Pac. 12; *Raymond* v. *Blancgrass,* 36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac. 648.)   "Title to or a right or property in a chattel will not alone support an action in trover.   It must be united with actual possession or a right to immediate possession."   (38 Cyc. 2045.)

The plaintiff in such an action is limited to his title or right of possession which has been set forth in the complaint. The general rule is laid down in the case of *Gregory Point Marine R. Co.* v. *Selleck,* 43 Conn. 320, in which case the plaintiff sued in conversion and alleged a right of possession on account of a lien for labor.   (See, also, *Anderson* v. *Bowles,* 44 Ark. 108; *Grier* v. *Stout,* 2 Ill. App. 602; *Hance* v. *Tillabawasse Brown Co.,* 70 Mich. 227, 38 N. W. 228; *Clendening* v. *Hawk,* 8 N. D. 419, 79 N. W. 878; *Horneffer* v. *Duress,* 13 Wis. 603.)

Further, there is nothing in the statement of facts to show that the beets were sold without the knowledge or consent of plaintiff.   "Where the mortgagee sues a purchaser from the mortgagor for a wrongful conversion of the mortgaged property, the burden is on the plaintiff to show that the purchase was without his consent."   (11 C. J., sec. 339, p. 265, citing *Conwell* v. *Jeger,* 21 Ind. App. 110, 51 N. E. 733.)

The agreed statement of facts does not show any unlawful conversion by the defendant.

To constitute conversion there must be either an unlawful taking in the first instance, in which case no demand is necessary, or a lawful taking followed by an unlawful withholding after demand.   A purchase from one not authorized to sell may amount to an unlawful taking, but it does not appear from the pleadings or the statement of facts in this case that the defendant received the beets from anyone who was not authorized to sell or deliver them.   Merely receiving the prop-

erty or acquiring it is not a conversion. (38 Cyc. 2007, 2008, 2028.)

Further, if the sale of the beets to the defendant was made with the consent of the plaintiff, there was no conversion. (*Partridge* v. *Minn. D. Elev. Co.,* 75 Minn. 496, 78 N. W. 85; Jones on Chattel Mortgages, sec. 465; 5 Am. & Eng. Ency. of Law (2d ed.), 996.)

*Mr. John G. Skinner,* for Respondent, submitted a brief; he and *Mr. Geo. S. Smith,* of Counsel, argued the cause orally. On rehearing *Mr. Skinner* and *Mr. George W. Pierson* submitted a brief; *Mr. Pierson* making oral argument.

The action having been commenced in May, 1916, something over a year and a half after the beets were purchased by the defendant, the trial court was justified in finding that in the natural course of handling sugar beets, the beets had been mingled with others of the company and manufactured into sugar long prior to the commencement of the action and the signing of the agreed statement of facts. An action in conversion is the proper remedy under the circumstances and facts in this proceeding. (*Harrington* v. *Stromberg-Mullin Co.,* 29 Mont. 157, 74 Pac. 413, C. J. 600, and see note 88, which cites cases from practically every state in the Union, as well as federal cases.)

There is no question but what the mortgage continued on the crop not only while it was being grown, but it was also a lien upon the crop after its severance and removal from the place grown. This is provided for in the chattel mortgage laws in force at the time of the execution of the mortgage and at the time of the purchase of the beets by the defendant. (Sec. 5773, Rev. Codes, as amended, page 382, Laws 1913.) This court has passed on the effect of filing a chattel mortgage. (See *Isbell* v. *Slette,* 52 Mont. 156, 155 Pac. 503; *First National Bank* v. *Marshall,* 51 Mont. 224, 152 Pac. 436; 5 R. C. L. 409, subd. 35; 5 R. C. L. 413, subd. 40.)

Counsel for the appellant lays considerable stress on the allegations of the complaint and the proof, and say that there is no evidence showing that the plaintiff was entitled to the immediate possession of the beets in question, for the reason that the evidence does not disclose that the beets were delivered to the defendant in Yellowstone county, as pleaded in the complaint. Conceding their argument to have merit in this respect, we submit that the mortgage provides that the mortgagee is entitled to the possession of the property in the event the mortgagor, or any other person or persons, shall remove or attempt to remove said property, or any part thereof, from said county, but it also provides that if the mortgagor shall make away with, sell or in other manner dispose of said mortgaged property, or any part thereof, then and in that event, or either of such events, the mortgagee has the right to the immediate possession of the property.

From the agreed statement it appears that the beets were delivered in the usual way, weighed and credit given therefor on the books of the Billings Sugar Company, and delivered to the company at Golden, Carbon county, Montana, and afterward paid for. This would indicate that the court would be justified from this alone in finding that the terms of the mortgage had been violated and that the plaintiff was entitled to the immediate possession of the beet crop or the value thereof. While this may show a variance between the pleadings and the agreed statement of facts, and while the record before this court might not warrant finding that the beets were in fact shipped to Billings, Yellowstone county, from Carbon county, yet we take it to be the general rule in this state that where the agreed statement of facts shows that there is a variance between the pleadings and the proof, yet if the evidence and proof is admitted without objection, the pleading will be treated as having been amended to correspond to the proof. (*Lackman* v. *Simpson,* 46 Mont. 518, 129 Pac. 325; *Archer* v. *Chicago, M. & St. P. Ry. Co.,* 41 Mont. 56, 137 Am. St. Rep. 692, 108 Pac. 571; *O'Brien* v. *Corra-Rock Island Min.*

[60 Mont. 342.]

Co., 40 Mont. 212, 105 Pac. 724; *Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac. 94.) If our contention is correct, then, of course, the argument with reference to the variance between the complaint and the agreed statement of facts will fail. Where a cause is submitted on an agreed statement of facts, the court may render judgment in accordance with what affirmatively appears in such agreed statement as to the true facts, regardless of the pleadings, or treat the pleadings as amended to cover such facts. (*Jenkins* v. *Newman,* 39 Mont. 77, 101 Pac. 625; *Hartman* v. *Smith,* 7 Mont. 19, 14 Pac. 648; *Chumasero* v. *Vial,* 3 Mont. 376; *Willard* v. *Wood,* 135 U. S. 309, 34 L. Ed. 210, 10 Sup. Ct. Rep. 831; *Saltonstall* v. *Russell,* 152 U. S. 628, 38 L. Ed. 576, 14 Sup. Ct. Rep. 733; *State Bank* v. *Norduff,* 2 Kan. App. 55, 43 Pac. 312; *Moore* v. *Philbrick,* 2 Me. 102, 52 Am. Dec. 642; *Hamilton* v. *Cook County,* 5 Ill. 519; 36 Cyc. 1288.) Where the appellate court concludes the cause should be determined on a different theory, it may order a new trial regardless of stipulations in the record. (*Chicago Title & Trust Co.* v. *O'Marr,* 18 Mont. 568, 46 Pac. 809, 47 Pac. 4.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This action was commenced by plaintiff to recover a judgment against defendant for conversion of chattel mortgaged property. Judgment was rendered in favor of plaintiff, and defendant has appealed.

The case was submitted upon an agreed statement of facts, from which the following facts appear: On the fourteenth day of May, 1914, the defendant entered into a written contract with one C. H. Nelson, under the terms of which the latter promised to grow and deliver to defendant sugar beets to be raised on a certain twenty acres of land leased by him in Carbon county, Montana. Pursuant with the terms of the contract he planted the twenty acres to beets, but on the eighth day of September, 1914, by bill of sale, he sold

to one William Nelson his interest in his lease and beet crop, and thereupon William Nelson went into possession of the land and crop. On the sixteenth day of September, 1914, William Nelson gave to plaintiff a chattel mortgage upon the crop, which mortgage was duly acknowledged and sworn to so as to entitle it to be filed, and on the seventeenth day of September, 1914, it was filed in the office of the county clerk and recorder of Carbon county, Montana. Defendant did not have any actual notice of the transfer of the lease and crop to William Nelson nor of the giving of the mortgage from William Nelson to plaintiff. At the time of the commencement of this suit, the debt for which the mortgage was security had not been paid. After the filing of the mortgage the beet crop was delivered to defendant at Golden, Carbon county, Montana, and credit was given therefor on the books of defendant company to C. H. Nelson. Payment was made by defendant on November 15 and December 15, 1914, by its checks made payable to C. H. Nelson, Mrs. Edward Elge, lessor, and the Bridger State Bank, to which bank at one time C. H. Nelson had given a mortgage but which mortgage was paid. These checks were paid in due course. The mortgage to plaintiff provided that it should cover the crop, "whether in stack, bin, or elevator or aboard cars, in silo or at sugar factory." On November 14, 1914, plaintiff wrote a letter to defendant, inquiring about the delivery of the beets, which letter was received by defendant after mailing the November check. On November 17, 1914, plaintiff wrote defendant another letter, inquiring whether or not all the beets had been delivered and settled for.

The only question involved in this appeal is whether or not the facts as above mentioned sustain the judgment.

Inasmuch as defendant held merely an executory contract [1, 2] for the purchase of the beets in question, it had no vested interest in the beets until delivery was made to it at Golden, Carbon county, Montana. At that time a valid transfer of the crop and lease had been made to William Nelson, who had

gone into possession of same, and William Nelson had given the mortgage to plaintiff, and it had been duly filed. While defendant did not have any actual notice of the bill of sale to William Nelson and his mortgage to plaintiff, yet the facts above mentioned established constructive notice whereby defendant took possession of the beets subject to plaintiff's mortgage. There is no question whatever but that a chattel mortgagee may maintain an action of conversion against the purchaser of the mortgaged property upon such purchaser appropriating the property to his own use, the mortgagee having at the time the right of possession of the property, and the obligation for which the mortgage was given being unpaid. (*Harrington* v. *Stromberg-Mullins Co.*, 29 Mont. 157, 74 Pac. 413.)

It is urged by appellant that the facts in this particular case do not sustain the charge of conversion, for two reasons: (1) Because plaintiff consented to the sale to defendant; and (2) because the statement of facts fails to show that plaintiff was entitled to the possession of the beets at the time of the alleged conversion.

Upon the first contention, this court is unable to say, as a [3] matter of law, that the facts presented in the statement of facts show that plaintiff consented to such sale. If the plaintiff did consent to such sale, then the appropriation of the property would not be unlawful, and action of conversion could not be maintained. This is a question of fact to be submitted to the trial court.

In regard to the second contention, the complaint alleges that plaintiff was entitled to the possession of said crop at [4] the time of its appropriation by defendant for the sole reason that the chattel mortgage provided that in the event the property was removed, or attempted to be removed, from the county of Carbon, plaintiff would then be entitled to immediate possession thereof, and that the beets were shipped from the premises in Carbon county to the defendant in Yellowstone county. The statement of facts, however, fails to bear out the allegations of the complaint as to this feature of the

case. From the statement of facts it appears that the beets were delivered to the Great Western Sugar Company at Golden, Carbon county, Montana. It fails to show that the beets were shipped from that county or were otherwise removed therefrom, and thus fails to show that plaintiff was entitled to possession thereof as pleaded, which is a necessary element of plaintiff's case. (*Harrington* v. *Stromberg-Mullins Co., supra.*) This results in a fatal variance between the pleading and the proof.

Respondent suggests that, inasmuch as the chattel mortgage contains other provisions whereby plaintiff might be entitled to possession of the crop, the complaint should be deemed amended to conform with the statement of facts in these respects. The proofs referred to relate to the right of the mortgagee to take possession upon default in payment of the obligation by the mortgagor and the provision whereby the mortgagee may take possession upon a sale of the property, both of which contingencies are set forth in the statement of [5] facts. While in some cases the complaint may be deemed amended after trial to conform to the proof, yet such rule cannot be invoked where the amendment involves a change in the issues of the case and does not conform to the theory upon which the case was tried. In this case the suggested amendment would place plaintiff's right to possession upon an entirely different basis than that claimed in the complaint, would leave the defendant without any answer to the amended complaint, and the record itself excludes the idea that the case was submitted upon the theory involved in such proposed amendment. Plaintiff therefore must stand upon his complaint as filed, as to an essential allegation of which there is an absolute failure of proof.

For the reasons above stated, the judgment will be reversed, and the cause remanded for new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Cooper, Holloway and Galen concur.

ON REHEARING.

(Submitted May 31, 1921.    Decided June 20, 1921.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Since this case was tried upon an agreed statement of [6] facts, defendant contends that under the rule applicable to such cases it was the duty of the trial court to apply the law to the facts and render judgment in accordance with the merits of the case as disclosed by the agreed statement of facts, and on the hearing in this court judgment should likewise be entered, or directions given for its entry, and that we should not send the case back to the trial court for a new trial. We are satisfied that this contention is sustained by the great weight of authority and that our duty in this case is to direct entry of such judgment as may be justified by the facts. (*City of Jeffersonville* v. *John Shallcross Co.,* 35 Ind. 19; *Gillett* v. *Detroit Board of Trade,* 46 Mich. 309, 9 N. W. 428; *Brown* v. *Rogers,* 61 Ind. 449; *Milk Co.* v. *Eagle Mfg. Co.,* 47 App. D. C. 191; *Benavides* v. *Benavides* (Tex. Civ. App.), 218 S. W. 566; *Hurey* v. *Leavitt,* 93 N. J. L. 299, 107 Atl. 457; *Hills* v. *Hopp,* 287 Ill. 375, 122 N. E. 510; *McGonigle* v. *Gordon,* 11 Kan. 167; *Green* v. *Prince* (Tex. Civ. App.), 201 S. W. 200; *Big Horn Lumber Co.* v. *Davis,* 14 Wyo. 455, 7 Ann. Cas. 940, 84 Pac. 900, 85 Pac. 1048; *Irvine* v. *Angus,* 93 Fed. 629, 35 C. C. A. 501; *Roberts* v. *Corbin,* 28 Iowa, 355; *Allen* v. *St. Louis National Bank,* 120 U. S. 20, 30 L. Ed. 573, 7 Sup. Ct. Rep. 460; *Churchill* v. *Buck,* 102 Fed. 38, 42 C. C. A. 148; *Hatfield* v. *Cabell County Court,* 75 W. Va. 595, 84 S. E. 335; 3 Cyc. 451, notes 5 and 6.)

On rehearing it is the prerogative of this court to review [7] the entire case and correct any error that may be apparent, even though such action may not be favorable to

the movant. Respondent contends that it was an error on the part of this court in holding in its original opinion that there was a fatal variance between the pleadings and the proof. This contention is based upon the proposition that, in a case in which an agreed statement of facts is made and such agreed statement of facts purports to contain all of the evidence, the pleadings become immaterial, except in so far as admissions therein contained are concerned. We deem this contention of merit; for, after the parties to an action have agreed upon all the facts involved in the case, the plaintiff or defendant, as the case may be, is entitled to such judgment as the agreed statement of facts may disclose. (*West Roxbury* v. *Minot,* 114 Mass. 546; *State Bank* v. *Norduff,* 2 Kan. App. 55, 43 Pac. 312; *Willard* v. *Wood,* 135 U. S. 309, 34 L. Ed. 210, 10 Sup. Ct. Rep. 831; *Saltonstall* v. *Russell,* 152 U. S. 628, 38 L. Ed. 576, 14 Sup. Ct. Rep. 733; *Esty* v. *Currier,* 98 Mass. 500; *Scudder* v. *Worster,* 11 Cush. (Mass.) 573.) A few excerpts from the cited cases will clearly disclose the attitude of the various courts upon this proposition:

"Upon an agreed statement of facts, the only question open is whether the plaintiffs can recover upon any form of declaration or in any form of action." (*West Roxbury* v. *Minot,* 114 Mass. 546.)

"The first specification of error is that the petition does not state facts sufficient to constitute a cause of action against plaintiffs in error, and this question is raised in this court for the first time. No objection, either by demurrer or otherwise, was taken in the court below. We do not consider that, under the pleadings in this case, and the fact that the case was tried to the court upon an agreed statement of facts, plaintiffs in error are now in a position to raise this question. The objection now raised is to the form of the petition alone, and all the subsequent pleadings, and the action of the parties in the trial of the cause, were upon the theory that the petition was sufficient. Undoubtedly, after the submission of the case to the court upon the agreed statement of facts,

an amendment would have been permitted if the attention of the trial court had been directed to the alleged defect, and it cannot be claimed that the defendants would have been in any manner prejudiced by such amendment. Such being the case, we feel that this court should treat the record as if such amendment was in fact made, and that the judgment ought not to be disturbed for this alleged error. *Railroad Co.* v. *Caldwell,* 8 Kan. 244; *Pape* v. *Bank,* 20 Kan. 440." (*State Bank* v. *Norduff,* 2 Kan. App. 55, 43 Pac. 312.)

"A statement of facts agreed by the parties, or, technically speaking, a case stated, in an action at law, doubtless waives all questions of pleading, or of form of action, which might have been cured by amendment." (*Willard* v. *Wood,* 135 U. S. 309, 34 L. Ed. 210, 10 Sup. Ct. Rep. 831.)

"A case having been submitted to the circuit court upon a statement of facts agreed by the parties, or case stated, upon which the court was to render such judgment as the law required, all questions of the sufficiency of the pleadings were waived, and the want of an answer was immaterial." (*Saltonstall* v. *Russell,* 152 U. S. 628, 38 L. Ed. 576, 14 Sup. Ct. Rep. 733.)

"But an agreed statement of facts waives all defects in the pleadings, even if the pleadings are referred to as part of the statement, and authorizes such a judgment on the merits as if they were duly presented by proper pleadings." (*Esty* v. *Currier,* 98 Mass. 500.)

"The first question presented, that of proper pleadings and specification of defense, would have been more properly raised had the case taken the ordinary course of a trial by jury. By making a statement of facts, and asking the judgment of this court thereon, the parties are understood to have waived all questions as to the formal pleadings, unless those questions are in direct terms reserved." (*Scudder* v. *Worster,* 11 Cush. (Mass.) 573.)

The question, then, to be determined by this court is whether or not, upon the agreed statement of facts, plaintiff

is entitled to recover, regardless of the pleadings. In the original opinion we held that plaintiff could not recover because it did not appear from the agreed statement of facts that the crop in question had been removed from Carbon county, and that therefore plaintiff was entitled as mortgagee to the possession thereof. The mortgage, which is made a part of the agreed statement of facts, discloses that there were other contingencies upon the happening of which plaintiff would become entitled to the immediate possession of the crop, among which are included such instances as the making of a claim on the crop by any other person or persons, any disposition of the crop, or the harvesting of the crop. The agreed statement of facts shows the existence of each of the three grounds of right to possession above mentioned, and therefore the agreed statement of facts does show upon its face that plaintiff was entitled to the possession of the crop. This supplies the defect in plaintiff's case due to variance between pleading and proof, as pointed out in the original opinion, and completes plaintiff's right of action.

In the original opinion, in discussion of proposed amendment, we stated that the record itself excludes the idea that the case was submitted on the theory involved in such proposed amendment. In that expression we had reference to the theory of the case as disclosed by the pleadings. In looking at the matter upon the basis of the theory of the case as disclosed by the agreed statement of facts, our conclusion is necessarily different from what it would be in reaching a result based upon the theory involved in the pleadings. We are therefore of the opinion that, upon the agreed statement of facts, plaintiff is entitled to recover in this action.

The order heretofore entered in this case is overruled, and it is ordered that the judgment be affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Cooper, Holloway and Galen concur.