STATE EX REL. MENGEL, Respondent, vs. STEBER, Appellant.

*September 16—October 6, 1914.*

*Action: Rights depend on status when action is begun: Judicial notice: Judgment in another action.*

1. Whether a defendant should be judicially condemned as a wrongdoer depends upon his status at the time of the commencement of the action to that end.
2. A court cannot in one action take judicial notice of a judgment rendered in another action in the same court.

APPEAL from a judgment of the circuit court for Fond du Lac county: E. B. BELDEN, Judge. *Reversed.*

Action to test the competency of defendant to exercise the toll-road rights granted by the legislature of the territory of Wisconsin in 1848, by an act entitled "An act to incorporate the Sheboygan and Fond du Lac Road Company," and confirmed in the lessee of such company by ch. 103 of the state laws of 1874.

Appellant answered, stating facts to sustain his claim to be, as lessee and owner, in rightful possession of the toll-road property and rightful exercise of the franchise in respect thereto. The sufficiency of such answer was questioned by demurrer, which was sustained. Upon appeal, the decision of the circuit court was reversed, this court holding the pleaded facts to plainly indicate the status of appellant to be of no less dignity than that of a tenant holding over after the expiration of his term. With that decision for guidance, the cause was remanded to the court below for further proceedings according to law. The allegations held to be sufficient to indicate that appellant was in the rightful possession of the toll road and exercise of the franchise in respect to it, appear in the report of the case upon the first appeal. *State ex rel. Mengel v. Steber,* 154 Wis. 505, 143 N. W. 156. Reference is here made thereto in lieu of restating the facts.

In due course the case was tried in the circuit court and all the allegations of the answer held sufficient, as aforesaid, to defeat the plaintiff, were established, and, in the main, appeared by the writings and records referred to in the answer. The evidence also tended to show that appellant and those in his chain of title, for more than twenty years, had claimed to be the owners of the toll-road property, that the conveyances from the confirmation by the legislature in 1874, were appropriately worded to convey title, and that the grantees, including appellant, claimed title accordingly. The trial court assumed to have judicial knowledge of a judgment an-

nulling the toll-road franchise, rendered in an action to which appellant was not a party, commenced after the decision in this court, but in the same court where this action was pending. A decision resulted that appellant was within his rights as a tenant holding over after the expiration of his lease when this action was commenced and up to the date of the judgment in the subsequent action annulling the corporate franchise, but not thereafter. Judgment was thereupon rendered in respondent's favor according to the prayer of the complaint, including recovery of costs.

For the appellant there was a brief by *Swett & Keck,* and oral argument by *H. E. Swett.*

*Charles D. Smith,* for the respondent.

MARSHALL, J. Appellant having been, as held, within his rights as a tenant holding over, respondent had no cause of complaint against him, and it was, therefore, the plain duty of the trial court to render judgment of dismissal with costs. The question of whether a defendant should be judicially condemned as a wrongdoer, depends upon his status at the time of the commencement of the action to that end. That is considered too elementary to require to be more than stated.

If the conclusion aforesaid were not sufficient for the case, the judgment would have to be condemned because there was no evidence before the court of a judgment having been rendered annulling the toll-road franchise. The trial judge was clearly wrong in supposing he could take judicial notice of a judgment, merely because of its having been rendered in the court in which he was presiding. A court may take such notice in an action of any order, judgment, or proceeding in such action in such court; but that rule does not extend to any other action. This court has so decided, as counsel for respondent pointed out. *McCormick v. Herndon,* 67 Wis. 648, 653, 31 N. W. 303. It is also elementary. Jones, Ev. § 124 and cases cited.

It will thus be seen that, since appellant was rightfully in possession and use of the toll-road property when this action was commenced, there was no other course which could have been properly pursued, in closing such case, but to render a judgment of dismissal with costs, even if the annulment judgment had been pleaded and proved.

The question is raised as to whether the evidence does not show the lessor to have lost its rights to appellant, under the statute of limitations or some common-law rule on the subject of laches. We are favored by an interesting argument in respect to the matter; but it does not seem proper to decide the question of disputed title in this case. The lessor is not before the court. It is a necessary party to an action involving the question of whether it has lost its rights by adverse possession or other adverse circumstances. Sec. 2610, Stats.

*By the Court.*—The judgment is reversed, and the cause is remanded with directions to dismiss the same with costs.

