THOMAS A. McCAMMON, Appellant, v. JACOB KAISER, Respondent.

Tender — when a tender is a condition precedent of a cause of action the failure to make and allege the tender is not cured by making it at the trial — when dismissal of complaint on the merits is erroneous.

1. In an ordinary action at law to enforce a promise to pay a certain sum for a release, it is an essential element in plaintiff's cause of action that he should allege and be able to prove that before action brought he had made a tender of the release for which alone defendant had agreed to pay. This obligation is not satisfied by making a tender on the trial.

2. Where tender was not pleaded, but an amendment was allowed authorizing proof of tender on the trial, the trial resulted in an order

for judgment for plaintiff. The Appellate Division reversed on a defense proven under the Statute of Frauds and ordered judgment for defendant on the merits. *Held*, that the complaint was properly dismissed by that court because of lack of proof of proper tender of the release, but that it was improper to grant judgment dismissing the complaint on the merits because of the second defense mentioned; the court should have acted on the failure of proof in respect of the release and have dismissed the complaint as on a nonsuit.

*McCammon* v. *Kaiser*, 157 App. Div. 519, modified.

(Submitted March 16, 1916; decided April 25, 1916.)

APPEAL from a judgment, entered August 12, 1913, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas O'Callaghan* for appellant.

*John M. O'Neill* for respondent.

HISCOCK, J. This is an action at law brought to recover a sum of money alleged to be due from defendant to plaintiff in his own right and as assignee of various people.

The material allegations of the complaint are that plaintiff and his assignors entered into an agreement with the defendant whereby the former were to advance certain moneys and the latter was to purchase certain real estate and "when said defendant made said purchase and obtained the deed to said property, the said defendant was to make a contract of sale or a deed of tenancy in common," with the plaintiff and his assignors "showing their interest in and title to said real estate as hereinbefore set forth;" that thereafter defendant agreed with plaintiff and his assignors that if they would release him from said contract and "permit and allow him to

become the sole owner of the said lots aforesaid free and clear from any claim or demand whatsoever by the said plaintiff" and his assignors, he would pay and allow to them a certain sum of money, and to recover which sum this action was brought.

It will be noted that there is no allegation of tender by and in behalf of plaintiff and his associates to defendant of the release of their interest in said lots and for which defendant agreed to pay as above alleged. By proper motion to dismiss the complaint the proposition was duly presented to the trial court that it was deficient in not alleging such tender and thereupon an amendment of the complaint was allowed so as to allege and permit a tender of such release upon the trial. The motion to dismiss the complaint was renewed both after the amendment and at the close of the case. The trial court denied this motion and finally directed a verdict for the plaintiff for the amount demanded by him. The Appellate Division has not only reversed this action but has given judgment dismissing the complaint upon the merits.

We agree with the Appellate Division that the trial court was clearly in error in overruling the motion to dismiss the complaint and directing a verdict in behalf of the plaintiff. This was an ordinary action at law wherein the attempt was being made to enforce a promise of the defendant to pay a certain sum for a release and it was an essential element in plaintiff's cause of action that he should allege and be able to prove that before action brought he had made a tender of the release for which alone defendant had agreed to pay. This obligation was not satisfied by making a tender on the trial. (*Pfister* v. *Heins*, 136 App. Div. 457; *Ewing* v. *Wightman*, 167 N. Y. 107; *Fults* v. *Munro*, 202 N. Y. 34.)

We think, however, that it was error on the part of the Appellate Division to dismiss plaintiff's complaint upon the merits. Of course a dismissal of the action

because the complaint failed to set forth a cause of action would not be upon the merits and the dismissal in the latter form was, we assume, due to a consideration of a certain defense which was urged upon the trial and at the Appellate Division. This defense was under the Statute of Frauds and was predicated upon the contention that the agreement set forth in plaintiff's complaint and proved upon the trial was one for the conveyance of an interest in real estate and that this agreement was void because there was no contract or memorandum in writing signed by the proper party.

If we assume without deciding the facts and law to be as they were apparently regarded by the Appellate Division we still think that it was error to dismiss the complaint upon the merits. The first motion which was urged on the trial was the motion to dismiss the complaint because it did not set forth a cause of action. This motion should have been granted, and if it had been so granted there would have been no opportunity to reach and consider the evidence and dispose of the case upon the merits because of some defense which was established by such evidence. We do not determine whether it will ultimately make much practical difference to the plaintiff whether his complaint is at this time thus dismissed on the merits. He is entitled to urge that such disposition was error and to have the same corrected, and thereby at least save himself from a judgment for costs.

We think, therefore, that the judgment appealed from should be amended by striking out the provision therein to the effect that the dismissal of the complaint is upon the merits, and as so modified the judgment is affirmed, without costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment accordingly.