BILLINGS HARDWARE CO., RESPONDENT, *v.* BRYAN, CON-
STABLE, APPELLANT.

(No. 4,729.)

(Submitted March 15, 1922.   Decided April 3, 1922.)

[206 Pac. 418.]

*Claim and Delivery—Constables—Sale After Attachment—
Justices of the Peace—Judgments—Collateral Attack—An-
nulment After Satisfaction—Trial—Agreed Statement of
Facts.*

Trial—Agreed Statement of Facts—Duty of Court.
    1.   The agreed statement of facts upon which a cause is tried con-
    stitutes the findings of fact from which alone the court must draw
    its conclusions.

Same—Agreed Statement of Facts—Contents.
    2.   To sustain a judgment for plaintiff in an action tried on an
    agreed statement of facts, the statement must show all the facts neces-
    sary to a recovery.

Same—Agreed Statement of Facts—Disposition of Cause on Appeal.
    3.   In an action tried on an agreed statement of facts the supreme
    court will not, in case of error, send the cause back for retrial but
    make final disposition of it.

Attachment—Sales—When Void.
    4.   Where personalty had been levied upon before a conditional sale
    contract covering it was filed in the office of the county clerk and
    recorder, it was impressed with the lien which continued in full force
    and effect until judgment, nothing in the meantime transpiring to
    destroy it, rendering the contract void as to the attaching creditor,
    under section 7594, Revised Codes 1921.

Claim and Delivery—Rights of Parties Determinable as of What Time.
    5.   The rights of the parties to an action (in claim and delivery)
    must be determined in accordance with the facts existing at the time
    the action was commenced, and unless plaintiff at that time had a
    valid and subsisting cause of action, the defect cannot be remedied
    by amendment showing the acquisition or accrual of one while the
    action was pending.

Same—Attachment—Nature of Possession.
    6.   Where, at the time an action in claim and delivery was com-
    menced against a constable, the property was lawfully in his posses-
    sion by seizure under writ of attachment, plaintiff could not truth-
    fully make the necessary allegation that defendant had unlawfully
    seized and detained it and therefore had no valid subsisting cause of
    action against him.

Justices of the Peace—Judgment—Collateral Attack.
    7.   Where a justice of the peace had jurisdiction of the parties and
    the subject matter of the action, his judgment may not be collaterally
    attacked, any more than that of a court of general jurisdiction.

Same—Irregularity in Rendering Judgment—Collateral Attack.
  8.  Failure of a justice of the peace to wait the statutory time of one hour for appearance of defendant before rendition of judgment amounted to a mere irregularity rendering it voidable and not void, and therefore not subject to collateral attack.

Same—Judgment—Annulment After Satisfaction Error.
  9.  Where a judgment of a justice of the peace had been satisfied, the district court on appeal was without jurisdiction to annul it.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

ACTION by the Billings Hardware Company against Frank Bryan, Constable. Judgment for plaintiff. Defendant appeals. Reversed and remanded, with directions to dismiss.

Cause submitted on briefs of Counsel.

*Messrs. Snell & Arnot* and *Mr. Earl V. Cline,* for Appellant.

*Messrs. Shea & Wiggenhorn,* for Respondent.

MR. COMMISSIONER HORSKY prepared the opinion for the court.

This is an action in claim and delivery to recover the possession of two chairs, a desk and a table, or their value in case delivery cannot be had. The action was commenced in the justice court on February 7, 1919. The complaint alleges that the plaintiff is a corporation; that defendant Frank Bryan is, and was at all the times mentioned in the complaint, constable of Billings township, Yellowstone county, Montana; that plaintiff is the owner, and entitled to the immediate possession, of the property heretofore mentioned; that said property is of the reasonable value of $68; that plaintiff made demand upon defendant for the delivery of the property, but that defendant refused to deliver same to plaintiff; and then follows the demand for judgment for the return of the property or for its value. Defendant's answer was in effect a general denial of the allegations in the com-

plaint. The case was tried in the justice court, and defendant had judgment. From the judgment plaintiff appealed to the district court of Yellowstone county.

The parties then agreed upon a statement of facts upon which the cause was tried to the district court sitting without a jury. The facts agreed upon are as follows: On July 1, 1918, the First Securities Corporation commenced an action against one A. W. Rinehart in the justice court. Next there appears in the statement the entries in the justice's docket in the above suit, from which it appears that the action was commenced on the above-mentioned date, to recover the sum of $40, together with interest and costs; that a writ of attachment issued; that on July 10, 1918, an *alias* summons was issued, returnable July 17, 1918, and served on defendant in Yellowstone county; that on July 17, 1918, defendant appeared and made oral answer to the complaint, to the effect that he only owed the sum of $20; that on February 14, 1919, both parties to the action were notified by mail that the trial of the cause was set for February 19, 1919, at 10 o'clock A. M.; that on the last-mentioned date plaintiff appeared by and through his attorney and one Miss Tuffts; that defendant failed to appear, whereupon Miss Tuffts, a bookkeeper for plaintiff, was sworn and testified on behalf of plaintiff; that, after hearing the evidence the justice made and entered judgment in favor of the plaintiff in the sum of $42 principal and interest and for the sum of $10.90 costs; and that judgment was rendered at 10:15 A. M. February 19, 1919. The last entry in the docket is as follows: "Judgment satisfied Feb'y 25th, 1919." All the entries in the justice's docket after the one to the effect that *alias* summons was issued on July 10, 1918, were made in the docket on January 19, 1919. The agreed statement of facts then discloses: That in the action of First Securities Corporation against Rinehart certain personal property was attached; that on July 10, 1918, the plaintiff in the present action, the Billings Hardware Company, filed its lease contract, which it attached to and made

a part of the statement, with the clerk and recorder of Yellowstone county; that said lease contract covers and includes the same property held under the writ of attachment issued in the action wherein the First Securities Corporation is plaintiff and A. W. Rinehart is defendant; and that the plaintiff, Billings Hardware Company, admits that Frank Bryan, the defendant in the present suit, "by reason of the attachment proceedings in *First Securities Corporation* v. *A. W. Rinehart,* would have the better right to the possession of said personal property if the attachment proceedings were valid and regular, but the above-named plaintiff (Billings Hardware Company) contends that by reason of the fact that the attachment was irregularly issued, whereby the court never acquired jurisdiction over the property, and by reason of the fact that the entries in *First Securities Corporation* v. *A. W. Rinehart* were not made in accordance with the statutes of this state and were not made at the time that the transactions occurred, the court lost jurisdiction of said attachment action, and that the lien of said attachment became invalid and void; and, further, that at the moment that the court lost jurisdiction in said attachment action the lien of Billings Hardware Company, under and by virtue of said lease contract, immediately attached to said property."

The lease contract attached to the agreed statement is what is ordinarily denominated as a conditional sales contract, and states that A. W. Rinehart received of the Billings Hardware Company the furniture heretofore described, upon certain conditions, among which were the following: That A. W. Rinehart was to have the privilege of purchasing the property for the sum of $116.20, $26 to be paid at the time of the execution of the contract, the balance to be paid in monthly installments, and that title should remain in the Billings Hardware Company until the full amount had been paid, as provided for in the contract.

Upon the trial the court made the following conclusions of law: "(1) That the attachment proceedings in the case of

*First Securities Corporation* v. *A. W. Rinehart* were valid and regular, and that the justice court acquired jurisdiction over the property in question: (2) that the entries in the docket of the justice of the peace in the case of *First Securities Corporation* v. *Rinehart* were made in accordance with the statutes of this state, save and except that the entries in said docket do not affirmatively show that the justice of the peace waited one hour after the time set for the trial of the case of *First Securities Corporation* v. *Rinehart* for said defendant to appear and defend said action; and that therefore (3) the judgment entered in favor of the said plaintiff against the said defendant is invalid and void, and that by reason thereof the plaintiff herein is entitled to lien on the property involved in this action by reason of its lease contract, marked 'Exhibit A' and made a part of the agreed statement of facts.'' Judgment in favor of the plaintiff for the possession of the property above mentioned or for its value in case delivery could not be made was entered thereon, from which this appeal is taken.

This case was submitted to the lower court on an agreed [1–3] statement of facts, and it was stipulated that the agreed statement contained all the facts in the case. That the lower court was, under such circumstances, obliged to draw its legal conclusions from such facts alone is well settled in this jurisdiction. "The trial court essayed to make findings of fact in this case; but it is the rule in this state that the agreed statement of facts constitutes the findings of fact (*Jenkins* v. *Newman,* 39 Mont. 77, 101 Pac. 625), and the province of the court, therefore, was to draw legal conclusions from such facts alone since those facts were not supplemented by others adduced from evidence so far as the record discloses. In other words, by submitting this agreed statement, the parties consented that the facts therein disclosed constituted all the facts pertinent to a decision of this controversy." (*Yellowstone County* v. *First Trust & Savings Bank,* 46 Mont. 439, 128 Pac. 596.)

The latest expression of this court as to the effect of the submission of a case upon an agreed statement of facts is found in the opinion on rehearing in the case of *United States National Bank* v. *Great Western Sugar Co.,* 60 Mont. 342, 199 Pac. 245, wherein it is said: "Respondent contends that it was an error on the part of this court in holding in its original opinion that there was a fatal variance between the pleadings and the proof. This contention is based upon the proposition that, in a case in which an agreed statement of facts is made and such agreed statement of facts purports to contain all of the evidence, the pleadings become immaterial, except in so far as admissions therein contained are concerned. We deem this contention of merit; for, after the parties to an action have agreed upon all the facts involved in the case, the plaintiff or defendant, as the case may be, is entitled to such judgment as the agreed statement of facts may disclose."

It is further well settled, and this is made apparent by the opinions delivered in the cases just quoted from, that to sustain a judgment for the plaintiff, the agreed statement must show all the facts necessary to his recovery. (38 Cyc. 1934.) Measured in the light of these settled principles of law, does the agreed statement contain all the facts necessary to sustain a judgment in plaintiff's favor?

The agreed statement is imperfect and incomplete in many respects. Nowhere in the agreed statement are we advised when the writ of attachment was levied. Nothing therein contained throws any light upon the question of the value of the property in controversy, although the court, contrary to the rule laid down in the above cases, made a finding that the value of the property was the sum of $68. Part of it is given up to legal argument rather than a recital of facts. However, since counsel have assumed that the agreed statement contains the necessary facts, and because we are not permitted to send this cause back for a new trial (*United States Nat. Bank* v. *Great Western Sugar Co., supra*), we are disposed, not, however, as setting a precedent, to consider the case as

if all the necessary facts were before us and incorporated in the agreed statement.

The complaint in the action of *First Securities Corporation* [4] v. *Rinehart* was filed in the justice court on July 1, 1918. On July 10, 1918, the Billings Hardware Company, plaintiff in the present action, filed with the county clerk and recorder the conditional sales contract, heretofore referred to. Subsequently, and on July 17, 1918, the defendant Rinehart appeared and made oral answer to the complaint. Thereafter, and on February 14, 1919, both parties to that action were notified that the trial of the cause was set for February 19, 1919. In the meantime, and on February 7, 1919, the plaintiff Billings Hardware Company commenced this action in claim and delivery against the defendant Frank Bryan, the constable. On February 19, 1919, judgment was rendered and entered in favor of the plaintiff in the action brought by the *First Securities Corporation* v. *Rinehart*. Counsel have assumed in their briefs, and we will likewise do so, that the levy under the writ of attachment in the *First Securities Corporation Case,* was made before the conditional sales contract was filed by the Billings Hardware Company in the office of the clerk and recorder of Yellowstone county. Under such circumstances, the property in dispute was from the time of the levy impressed with the attachment lien, which continued in full force and effect until judgment (*Moreland* v. *Monarch Mining Co.,* 55 Mont. 419, 178 Pac. 175), unless something had transpired in the meantime to destroy it; and the conditional sales contract was void (sec. 7594, Rev. Codes 1921) as to the First Securities Corporation, notwithstanding that it had been filed in the clerk and recorder's office.

It must be remembered that when the present suit was in- [5] stituted judgment had not been rendered or entered in the *First Securities Corporation Case.* In fact that case had not been set for trial, and nothing had transpired up to that time to destroy the lien of the attachment. The rights of the Billings Hardware Company must be measured as of the date

of the commencement of its action. The rule is thus stated in
1 C. J. 1149: "The rule is well settled, at least with regard to
actions at law, and where no supplemental pleadings are filed,
that the rights of the parties to an action must be determined
according to the facts existing at the time the action was
commenced. Plaintiff must therefore recover, if at all, ac-
cording to the status of his rights at the time of the com-
mencement of the action. * * * It follows from the rule
above stated that, unless plaintiff has a valid and subsisting
cause of action at the time his action is commenced, the de-
fect cannot be remedied by the acquisition or accrual of one
while the action is pending, and an amendment setting up
such after-acquired cause of action is not permissible."

The lien created by the attachment being in full force and
[6]  effect at the time the Billings Hardware Company in-
stituted the present action, to-wit, on February 7, 1919, it is
at once apparent that the defendant herein was lawfully in
possession of the property at that time, and that the hard-
ware company had not, when it commenced its action, a valid
subsisting cause of action against him. It could not, on Feb-
ruary 7, 1919, truthfully allege that the defendant unlawfully
seized and detained the property in question, which it would
be obliged to do in order to maintain its action. (*Gallick* v.
*Bordeaux*, 31 Mont. 328, 78 Pac. 583; *Frank* v. *Symons*, 35
Mont. 56, 88 Pac. 561.)

Nor could the fact, if it be a fact, that a cause of action
[7-8]  accrued in its favor subsequent to the institution of
its suit, by reason of the failure of the justice to wait one hour
after the time set for the trial of the *First Securities Case*
for the defendant therein to appear and defend the action,
improve the situation of the plaintiff, as its rights must be
determined according to the facts existing at the time its
action was commenced.

Further, we do not believe that the plaintiff Billings Hard-
ware Company is in a position to take advantage of the failure
of the justice in the *First Securities Case* to wait the statutory

time for the appearance of the defendant, under any circumstances. In that action it appeared that the justice court had jurisdiction of the subject matter of the action and of the parties, and the judgment was such as the justice had a right to render; therefore it follows that the judgment was not void, because of the failure of the justice in the respects just indicated, but merely voidable, and hence not subject to collateral attack. ''Where a justice of the peace has jurisdiction of the subject matter of an action and of the parties, his judgment is no more subject to collateral attack than the judgment of courts of general jurisdiction. No ground of objection which does not go to the justice's jurisdiction can be made the basis of a collateral attack upon his judgment.'' (24 Cyc. 608.) The rule is thus stated in 16 R. C. L. 392: ''Where the facts touching the acquisition of jurisdiction are fully disclosed, the principles of law governing liability to collateral attack are applied no less favorably to judgments of justices of the peace than to the adjudications of courts having more extensive powers; and a judgment of a justice of the peace cannot be collaterally attacked for irregularity, where he had jurisdiction of the subject matter and the person.'' (18 Standard Proc. 120 *et seq.*)

Again it appears that long prior to the time of the submission of this case to the district court on the agreed statement, the judgment entered in the *First Securities Case,* which the lower court held was void, had been satisfied. This presents a situation somewhat analogous to that commented on in the case of *State* v. *Laurendeau,* 27 Mont. 522, 71 Pac. 754, where this court said: ''With this entry before the district court, we fail to see how that court could make and enter a judgment annulling and setting aside a judgment of the justice of the peace court, which was not then, and had not been for a year, in existence.''

Under any view which we may take of this case, the facts will not support a judgment in plaintiff's favor. We recommend that the judgment appealed from be reversed, and the

cause remanded to the district court, with directions to dismiss the complaint and enter judgment in favor of defendant for his costs.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed and the cause remanded to the district court, with directions to dismiss the complaint and enter judgment in favor of defendant for his costs.

*Reversed.*