PORT WASHINGTON STATE BANK, Respondent, vs. POLONIA PHONOGRAPH COMPANY and another, Appellants.

*February 7—March 6, 1923.*

*Bills and notes: Whether indorsement is for value or for accommodation: Defenses: Holder in due course: Knowledge of officer of bank: Bank failing to charge account of depositor with amount of note: Effect.*

1. In an action on a promissory note given in payment for phonograph records, evidence that the maker and the indorser were corporations engaged in the same line of business, that many stockholders in one owned stock in the other, that the president of the maker was also vice-president of the indorser, and that shipments of such records were often invoiced to the indorser, who accepted them, is *held* sufficient to warrant a finding that the indorsement was for value and not for accommodation.

2. Where the principal managing officer of the payee of the note was also a director of the bank which acquired it, but had no part on behalf of the bank in taking the note and did not know of the claim of the maker against the payee until afterwards, the bank is not deemed to have knowledge of the claim.

3. In an action at law such as this, the rights and liabilities of the parties are ordinarily to be determined as they stand at the time of the commencement of the action.

4. Where the plaintiff bank, having no notice of any defense by the maker, credited the payee's account with the amount of a promissory note, and such account was kept in excess of the face of the note, the bank, having the legal right to charge the amount of the note and accrued interest to the payee's account and to return the note to the payee, and having failed to do so when the maker refused to pay the note, was not a holder in due course under the statute.

APPEALS from a judgment of the circuit court for Ozaukee county: C. M. DAVISON, Circuit Judge. *Reversed.*

The New York Recording Laboratories is a corporation doing business at Grafton, Wisconsin, in the manufacture and sale of phonograph records, and is hereinafter called the Laboratories. On July 7, 1921, such company had an account for furnishing records and other articles to the de-

fendant *Polonia Phonograph Company* and, as it was claimed, to the defendant *Kuryer Publishing Company,* both of which were Wisconsin corporations with their offices in the same building in Milwaukee.   One C. Dziadulewicz was a stockholder in and director and president of the *Polonia Phonograph Company;* he was also a stockholder in and vice-president and treasurer of the *Kuryer Publishing Company.*   Professor Zowski was a stockholder in and director and president of the *Kuryer Publishing Company* and also a stockholder in and director and vice-president of the *Polonia Phonograph Company,* but devoted but little, if any, attention to the business of either of the companies, spending most of his time abroad.   On said date a promissory note in the usual form was executed to the Laboratories for $1,652.83, due in ninety days, with interest at seven per cent.   It was signed by the *Polonia Phonograph Company,* C. A. Krzewinski treasurer, and before delivery to the payee was indorsed on the back as follows:   *"Kuryer Publishing Company,* C. Dziadulewicz, Treasurer."   On July 11th the note was transferred to the plaintiff, *Port Washington State Bank,* by the Laboratories, by O. E. Moeser as secretary, and was placed to the credit of that company in the checking account then and thereafter kept by it with the said plaintiff and which account was then, and continued until November 17th to be, in excess of the amount of said note, but on that day was reduced to $731.62.   On October 5, 1921, the date due, it was presented for payment to the defendant *Polonia Phonograph Company,* payment thereof refused, and it was duly protested.

On October 10, 1922, this action was commenced by the service of summons.   On October 28th the said defendants appeared.   October 29th the complaint was served, and on November 18th the separate answers were served.

The *Kuryer Publishing Company* specifically denied there being valuable consideration for its indorsement and alleged

that it had no corporate power whatsoever to indorse for accommodation.

The *Polonia Phonograph Company* admitted the execution of the note and that it was for certain phonographic records made for it by the Laboratories. It asserted as a defense that, pursuant to contract alleged to have been made by it and the Laboratories, the latter was to make and deliver certain quantities of first-class phonographic records, but that those so delivered were all defective and worthless; that the note in question was given in part payment of said records; that promptly upon the discovery of the worthless condition of said records such defendant notified the said Laboratories thereof and refused to make further payments unless and until said records were exchanged for properly manufactured records; that the Laboratories refused and still refuses to exchange the worthless records, and that under said conditions no consideration whatever passed from the Laboratories to the answering defendant for said note.

It also asserted, upon information and belief, that certain of the officers of the said Laboratories are executive officers of the plaintiff bank and that at the time of the indorsement to and delivery of the said note to the plaintiff bank said bank knew of the claims of said answering defendant and knew that there had been no valid consideration for such note and that it was unenforceable in the hands of said Laboratories, and alleging further that an agreement had been entered into between the plaintiff bank and the said Laboratories wherein it was agreed that the note should be transferred to the plaintiff bank before it was due but for the purpose of making it appear that the note was indorsed and transferred in the due course of business and for valuable consideration, although the fact was that said indorsement and transfer were made merely and entirely for the purpose of preventing and delaying the said defendant in

its claim against the said Laboratories and to prevent it urging its defenses against said note; also, that the note was not indorsed and delivered over to the plaintiff in good faith and for a valuable consideration and in due course of business; that by reason thereof the transaction between plaintiff and the said Laboratories was fraudulent so far as the answering defendant was concerned; that the transfer of the note to the plaintiff was void; that the plaintiff is not the real party in interest and is not the *bona fide* owner and holder of said note, and prayed for a dismissal of the complaint.

A jury having been waived the case was tried before the court. The defendants respectively presented proposed findings of fact and also filed exceptions to the findings as made by the court.

The trial court's findings, after reciting the conceded facts as to the existence of the parties as corporations and the execution of the note, protest, failure to pay, etc., recited as follows:

"Fourth. That at the time of the execution of said note and for valuable consideration the said defendant, *Kuryer Publishing Company*, duly indorsed said note and said note so executed was delivered over to the New York Recording Laboratories, which for valuable consideration and before maturity sold and delivered said note to the plaintiff, *Port Washington State Bank*, which became the owner thereof before maturity and in good faith and which is now and ever since has been the owner and holder of said note."

"Eighth. That at the time of the execution of said note and for some considerable time prior thereto a large part of the stock of said defendant corporations was held by the same stockholders, and that at said time and for a considerable time prior thereto a number of the members of the board of directors and officers of said corporations were the same persons and were in the employ of both defendant companies at the same time; that the greater part of the merchandise for which said note was executed was shipped to and received by the defendant *Kuryer Publishing Com-*

*pany* and that said *Kuryer Publishing Company* received some benefit from the indorsement of said note described aforesaid and from the shipment of the goods· for. which said note was executed."    .

As conclusion of law the court directed judgment in favor of the plaintiff against both defendants for the amount of the note with interest, costs, and disbursements, and from the judgment entered in accordance therewith the defendants have separately appealed.

For the appellants there were briefs by *Otjen & Otjen,* and oral argument by *Ottomar Kloetzner,* all of Milwaukee.

For. the respondent there was a brief by *William F. Schanen* of Port Washington, attorney, and *W. T. Sullivan* of Milwaukee, of counsel, and oral argument by *Mr. Sullivan.*

ESCHWEILER, J.  The *Kuryer Publishing Company* urges on its separate appeal that the evidence permits no conclusion other than that its indorsement of the note in suit was for accommodation only; that it had no corporate power or authority to so indorse, or that in any event its treasurer had no power or authority to sign such indorsement so as to bind it.  It thereby challenges the eighth and part of the fourth findings of fact above set forth.

The superintendent of the Laboratories testifies that the original contract for the records and other articles was made with both companies.  Many of the invoices were made out to the *Kuryer Publishing Company,* others to the *Polonia Phonograph Company.*  On plaintiff's demand defendant produced a large number of such invoices at the trial and many of them show upon their face that they were stamped by the *Kuryer Publishing Company,* followed by initials in spaces on such stamp indicating that the prices and extensions had been examined and found correct.  Many of the records sold were designated "Kuryer Records."  No written protest or objection appears to have been made at any

time to such manner of shipment or invoicing. The president of the *Polonia Phonograph Company,* being at the same time the treasurer of the *Kuryer Publishing Company,* admitted that some of the correspondence concerning the original transaction was on the letter-heads of the *Kuryer Publishing Company,* and he was unable to explain how it happened that the invoices were so addressed to the *Kuryer Publishing Company.*

Upon this record we think the court was justified in his findings of fact in this regard and in the necessary conclusion therefrom that the *Kuryer Publishing Company* indorsed for value and not for accommodation.

The appellant *Polonia Phonograph Company* asserted by answer à number of grounds upon which it claimed to be released from liability, but upon the trial, however, no evidence was produced to support some of such, and the only question here presented is as to whether or not there can be asserted an offset by the *Polonia Phonograph Company.*

Under the evidence the plaintiff was a holder in due course under sec. 1676—22, Stats., except and unless it did not comply with the requirement of sub. (3) of said section, namely, take in good faith and for value.

One Moeser was the principal managing officer of the Laboratories at the time of the transactions in question and also one of the three directors of the plaintiff. It appears, however, that he took no part on behalf of the plaintiff in the acquiring of the note from the Laboratories, and although there was some testimony by the president of the *Polonia Phonograph Company* that he notified Moeser before the transfer of the note that there was a claim for damages by the *Polonia Company* against the Laboratories, yet on cross-examination it appears that such notice was not given until afterwards. This being so, the objection on that point cannot be entertained and the question needs no further consideration. *Manufacturers' Nat. Bank v. Newell,* 71 Wis. 309, 314, 37 N. W. 420.

Port Washington State Bank v. Polonia P. Co. 180 Wis. 71.

In an action at law such as this is the rights and liabilities of the parties are to be ordinarily determined as they stand at the time of the commencement of the action. *Turner v. Pierce,* 31 Wis. 342, and inferentially at least in *Manufacturers' Nat. Bank v. Newell,* 71 Wis. 309, 316, 37 N. W. 420; *McCammon v. Kaiser,* 218 N. Y. 46, 48, 112 N. E. 572; *Hutchinson v. Coonley,* 209 Ill. 437, 443, 70 N. E. 686; *Blanchard & Son Co. v. American R. Co.* (N. H.) 108 Atl. 291; *Billings H. Co. v. Bryan* (Mont.) 206 Pac. 418; 1 Corp. Jur. 1149, 1150; 1 Ruling Case Law, 337. The same has been held to be the rule in determining the status of a defendant in an action charging him as a wrongdoer. *State ex rel. Mengel v. Steber,* 158 Wis. 309, 311, 149 N. W. 32.

From the time the note was taken by the plaintiff bank and an appropriate credit made upon the deposit account of the Laboratories and up to and after the commencement of this action, that account was constantly in excess of the face of the note, so that at all such times the plaintiff was in position to and had the legal right to charge the amount of such note with then accrued interest against such deposit and return the note to its depositor, the transferor. Such being the situation, the bank was not a holder in due course within the statute. This rule is so declared in *Curry v. Wis. Nat. Bank,* 149 Wis. 413, 419, 136 N. W. 549, and directly so held in *Manufacturers' Nat. Bank v. Newell,* 71 Wis. 309, 316, 37 N. W. 420; also in *Hodge v. Smith,* 130 Wis. 326, 334, 110 N. W. 192; *Thompson v. Sioux Falls Nat. Bank,* 150 U. S. 231, 244, 14 Sup. Ct. 94; *Citizens' State Bank v. Cowles,* 180 N. Y. 346, 349, 73 N. E. 33; *McNight v. Parsons,* 136 Iowa, 390, 113 N. W. 858. See, also, 22 L. R. A. N. s. 718; Brannan, Neg. Inst. Law (3d ed.) p. 173; Whitley, Bills, Notes, and Checks, p. 133; 8 Corp. Jur. 482; 6 A. L. R. 254, note; 3 Ruling Case Law, 1055.

It is therefore unnecessary to here pass upon any questions concerning the position of a bank holding such paper

in the event that after maturity or dishonor but before suit commenced or notice given of infirmity or defense the account of the transferor with the bank is reduced to an amount below the face of the note.

Though the plaintiff cannot be deemed such a holder in due course as to defeat defendant's right to assert defenses or offsets to such note, still it by no means follows that the defendant *Polonia Phonograph Company* is entitled, as it here asserts, to have applied as an offset to the note its claim for defective records. Such issue was not disposed of by the court below nor can we do so. Defendant's answer asserts in substance that which is in accord with the position taken by the Laboratories on the trial, namely, that any defective records furnished were to be returned and replaced, but on the trial and here it is asserted that the Laboratories were obliged, under the original contract, to repay or at least give credit to the *Polonia Phonograph Company* of an amount equal to the purchase price of such defective records. In this state of the record we shall do no more than remand this cause for further proceedings in the court below upon the questions as to what right, if any, the *Polonia Company* had as of the time of the commencement of this action to an offset against the note, and, if any such right, to what amount it was damaged.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings pursuant to this opinion.