GLACIER GENERAL ASSURANCE COMPANY, Plaintiff
and Respondent, and SHERMAN L. STUART, Plaintiff,
v. STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Defendant and Appellant.

No. 11244.
Submitted November 27, 1967. Decided January 18, 1968.
436 P.2d 533.

Worden, Worden, Thane & Robb, Missoula, Shelton C. Williams (argued), Missoula, for appellant.

Erwin L. Anzjon (argued), Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment for the plaintiff in an action to determine defendant's liability for claims, arising out of an automobile accident, which were paid by the plaintiff.

The case was submitted on an agreed statement of facts. From the statement of facts and the pleadings it appears that the defendant-appellant, State Farm Mutual Automobile Insurance Company (hereinafter called State Farm), issued a policy of insurance to one Emelyn Stuart to cover a 1955 Chevrolet. A renewal premium was paid on February 20, 1963, so that the policy remained in force for a period including April 22, 1963. On February 4, 1963, plaintiff-respondent, Glacier General Assurance Company (hereinafter called Glacier), issued a policy of insurance to one Sherman L. Stuart to cover a 1957 Cadillac. At 12:01 a. m. April 23, 1963, a change of automobile endorsement became effective changing the described automobile in the Glacier policy to a 1959 Chevrolet.

On April 8, 1963, Emelyn Stuart and her son, Sherman L. Stuart purchased, as joint tenants, a 1959 Chevrolet and transferred in part payment the 1955 Chevrolet insured under the policy issued by State Farm.

On April 22, 1963, Sherman L. Stuart was in an accident. Pursuant to its policy, Glacier paid claims resulting from that accident in the amount of $2,514.70.

State Farm denied liability for any portion of the claims paid by Glacier. Glacier brought this action to have State Farm share in the payment of the claims. The district court found that the State Farm policy covered the 1959 Chevrolet and that they were liable for one-half of the claims less amounts paid for medical coverage.

On this appeal, State Farm makes six contentions. The first contention we shall discuss is that the district court erred in finding Sherman Stuart a joint owner with his Mother in the 1955 Chevrolet. It appears that the district court was in error in this finding, but it was harmless error.

The gist of the matter is the proposition put forth by the appellant that the "newly acquired automobile" clause of a policy covering a solely owned automobile should not extend to a replacement automobile which is jointly owned. The appellant cites no cases to support this theory and our research has divulged very little direct authority.

The applicable provision of State Farm's policy is as follows:

"Newly Acquired Automobile—means an automobile, *ownership* of which is acquired by the named insured * * *." (Emphasis supplied.)

The question at this point is whether "ownership" as used in the policy includes joint ownership.

In general the "newly acquired automobile" clause is intended for the benefit of the insured and should be liberally construed in his favor. 12 Couch on Insurance 2d, § 45:185, p. 236. "Ownership" of the newly acquired automobile means such ownership as an ordinary man would ascribe to it. It is the property right which he holds as owner, the right of user, and the interest in its protection which goes with a sense of ownership. Id. at § 45:187, p. 237.

Construing the provision in favor of the insured we

find that joint ownership is included in the term "ownership" as it is used in the policy. The case of American Indemnity Co. v. Davis, 260 F.2d 440, 442 (5th Cir. 1958), decided the question of whether joint ownership was included in the term ownership in the affirmative. That court said, "Since 'ownership' in its literal sense includes joint as well as sole 'belonging,' the use of the more general term 'ownership' comprehends the qualified terms 'sole' and 'joint' ownership."

Since the policy covers a newly acquired automobile even if jointly owned, it was harmless error for the district court to find joint ownership in the 1955 Chevrolet.

The next contention with which we must deal is the finding of the district court that the 1959 Chevrolet was covered by the State Farm policy issued to Emelyn Stuart. Appellant's contention here is intertwined with the previous one and also its third one, which is the court's finding that Emelyn Stuart suffered a loss as a result of this accident.

Since we have found the policy covers a jointly owned automobile appellant contends there are two other factors which require the court to find that in this case the 1959 Chevrolet was not covered. The first is that the insured did not intend it to be covered by the State Farm policy. The second is that the insured did not satisfy the condition of the policy requiring notice within 30 days of acquiring the new automobile.

We find no merit in the first contention. There is insufficient evidence of intention of the insured one way or the other in the agreed statement of facts. Even if the insured did not intend to continue the State Farm policy such intention is immaterial if the policy is still in force and effect according to its terms. The policy was in effect for a time period, including the date of the accident, thus the policy covered the 1959 Chevrolet if the other requirement is met, regardless of the unexpressed intention of the insured.

The insured did not give notice to appellant within 30 days after acquiring the new automobile as was required by the

"newly acquired automobile" provision. That provision requires that "the named insured, within 30 days following delivery date, applies to the company for insurance on such newly acquired automobile." Since we have found that it is the terms of the policy which determine the coverage, not the contrary intention of the insured, it is the construction of this clause which determines if there was coverage on the 1959 Chevrolet.

The appellant cites one case dealing with such a provision. General Insurance Co. of America v. Western Fire & Casualty Co., 241 F.2d 289 (5th Cir., 1957). In that case the assured made application for insurance on the new car after the accident but prior to the expiration of the notice period. The court found the notice was sufficient. That case does not aid in the question before us because here there was no notice.

Although there are no Montana cases on the question there are cases in other jurisdictions where the accident happened during the notice period and no notice was given. The latest of these cases involved State Farm, the appellant herein, and the identical provision of its policy in dispute in the case at bar. That case was Hall v. State Farm Mutual Automobile Ins. Co., D.C., 268 F.Supp. 995, 997 (1966), aff'd, 4 Cir., 378 F.2d 371 (1967). In the Hall case, the court said:

"For accidents within the designated period, the general rule is that coverage of the newly acquired car automatically arises on acquisition and continues throughout the period. [Citing cases.] Since coverage is automatic throughout the designated period, it is immaterial that the insured (1) does not notify the company within the period that he has acquired an additional automobile and (2) never pays an additional premium."

We follow the general rule and find that the State Farm policy issued to Emelyn Stuart was in full effect for the 30 days following the acquisition of the 1959 Chevrolet and that the 1959 Chevrolet was a newly acquired automobile under that policy.

In regard to appellant's third contention, we find that Emelyn Stuart did suffer a loss as a result of this accident. She was part owner of a damaged automobile after the accident. She had lost part of her consideration which she had supplied for the new automobile. The statement of facts contains nothing to show that Emelyn Stuart was anything but a bona fide owner. There is no showing that she was not a beneficial owner as well as title holder.

The next contentions with which we deal are to the effect that the court erred in failing to give effect to the "other insurance" provision of the State Farm policy, and that the court erred in finding State Farm liable for any portion of the loss paid by respondent.

Appellant claims the court must decide that one insurer is primary and the other secondary. For this conclusion it relies upon Mountain States Mutual Casualty Co. v. American Casualty Co., 135 Mont. 475, 342 P.2d 748 (1959). However, that case does not decide that all questions concerning double coverage must be resolved by determining one company's coverage to be primary and other's secondary.

In the Mountain States case, different provisions of the two policies covered the accident. The appellant reasons that it was only a secondary insurer and respondent the primary insurer, relying heavily on the theory that under their policy the insured was covered as a newly acquired automobile, but under Glacier's policy the coverage was as the described vehicle. This position is grounded on the fact that the "other insurance" clauses in the Glacier policy differ in regards to described automobiles and newly acquired automobiles.

Both policies have essentially the same "other insurance" provisions applying to newly acquired automobiles. The provision in respondent's policy reads as follows:

"The insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured or such spouse has other valid and collectible insurance."

The applicable provisions of the appellant's policy reads as follows:

"(a) The insurance with respect to a newly acquired automobile shall not apply to any liability or loss against which the insured has other collectible insurance applicable thereto in whole or in part."

We find no basis for the contention that under Glacier's policy the 1959 Chevrolet was a described automobile rather than a newly acquired one. The 1959 Chevrolet became a described automobile by an endorsement effective as of 12:01 a. m., April 23, 1963. The accident occurred April 22, 1963. Liability arose prior to the time the 1959 Chevrolet became a described automobile and the liability of Glacier must be predicated on the newly acquired automobile clause. Thus, the "other insurance" clauses which apply in each policy are essentially the same.

The other reasons for which appellant claims to provide only secondary coverage are that Emelyn Stuart did not suffer any damage and had no control over the automobile, that the parties did not intend the State Farm policy to cover the 1959 Chevrolet; that Glacier insured both the driver and the owner by name and State Farm did not insure the driver causing the accident by name.

We have previously discussed the loss to Emelyn Stuart and found that she had suffered a loss, thus, that reason is invalid. We have also seen that there is no evidence of intention in the statement of facts, nor is there any showing that she had any less control than a normal owner. In the fourth reason appears the only difference between these two parties. That is, that Glacier covered the driver causing the accident by name in the policy and State Farm covered him as a driver but not by name. If appellant's view is followed this court is left with the question of determining primary and secondary coverage based on this one difference.

The policies themselves do not require such a deter-

mination to be made. The case of Oregon Auto Ins. Co. v. United States Fidelity & Guaranty Co., 195 F.2d 958 (9th Cir. 1952), points out the inadequacy of selecting a primary and a secondary insurer where there is no logical reason to make a differentiation. Where, in the absence of the other policy there would be no problem as to the liability of either one of the companies, and the "other insurance" clauses are the same, the liability is more rationally prorated than arbitrarily laid at the feet of one or the other. We find that grasping at the one difference between these two parties is not a rational disposition of the question and the district court was correct in its conclusion to prorate.

Appellant has devoted a section of his brief to argue that Glacier assumed the status of a volunteer and consequently is not entitled to contribution from State Farm. There are no facts relevant to this question in the statement of facts, therefore we shall not consider it.

The last contention with which we must deal is the claim that the district court erred in concluding that it would not consider State Farm's defense that they had not been given proper notice of the occurrence of the accident. State Farm's policy required notice of the accident "as soon as practicable." In its complaint respondent alleged the giving of notice. Appellant denied this in the answer. The agreed statement of facts did not resolve the question. The district court in its judgment recognized that this "appears to be a contested matter." The court said however that "because the agreed statement of facts does not answer the question the court will not consider this defense in any way."

Under the provisions of the policy notice was a condition precedent to liability, the policy providing:

"1. Notice of Accident, Occurrence or Loss. In the event of an accident, occurrence or loss, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall con-

tain particulars sufficient to identify the insured, and also reasonably obtainable information respecting the time, place, circumstances of the accident or occurrence, names and addresses of injured persons and available witnesses. In the event of theft, larceny, robbery or pilferage prompt notice also shall be given to the police.

"2. Action Against Company. No action shall lie against the company:

"(a) Unless as a condition precedent thereto there shall have been full compliance with all terms of this policy. * * *

"3. Assistance and Cooperation of the Insured. The insured shall cooperate with the company and upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. * * *"

Lack of notice had been put in issue. Thus the respondent has the burden of proof on that issue. R.C.M.1947, §§ 93-401-26 and 93-1501-1; Daniels v. Andes Ins. Co., 2 Mont. 78 (1874); Carter v. Bankers' Ins. Co., 58 Mont. 319, 192 P. 827 (1920). In Billings Hardware Co. v. Bryan, 63 Mont. 14, 19, 206 P. 418, 420 (1922), this court said "that to sustain a judgment for the plaintiff, the agreed statement must show all the facts necessary to his recovery." If the district court does not deem the agreed statement of facts to be sufficient on which to render a judgment for the plaintiff he may remand the case for further proceedings. McCarthy v. Employer's Fire Ins. Co., 97 Mont. 540, 37 P.2d 579, 97 A.L.R. 292 (1934); State v. North American Car Corp., 118 Mont. 183, 164 P.2d 161 (1945). Here although the judge recognized the insufficiency of the agreed statement of facts he did not remand for further proceedings but ignored the deficiency. This in effect found for the plaintiff when the only other alternative for the court was to dismiss in favor of the defendant. Billings Hardware Co. v. Bryan, supra.

It is a matter of discretion in the district court whether it elects to receive additional evidence on the missing facts or elects to find against the party not carrying his burden of proof. We have said that when a case submitted on an agreed statement of facts is before us and the statement does not contain all the facts necessary to recovery, that we would find according to the merits as exhibited by the statement and dismiss. United States National Bank of Red Lodge v. Great Western Sugar Co., 60 Mont. 342, 199 P. 245, on rehearing at 351, 199 P. 245 (1921). Here the district court reached a conclusion which was not permissible and did not properly exercise its discretion. The rule of United States National Bank of Red Lodge v. Great Western Sugar Co., supra, does not apply here, for in that case there was no abuse of discretion by the district court in selecting its alternatives.

We must remand to the district court with direction that it exercise its discretion and hear additional evidence on the question of notice, or dismiss according to the merits as exhibited in the agreed statement of facts.

The case is remanded to the district court for action consistent with the foregoing, each party to pay his own costs.

MR. JUSTICES HASWELL, CASTLES, ADAIR and JOHN CONWAY HARRISON concur.