No. 90-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

---

MOUNTAIN WEST FARM BUREAU MUTUAL
INSURANCE COMPANY,

      Plaintiff and Appellant,

  -vs-

CREDIT GENERAL INSURANCE COMPANY,

      Defendant and Respondent.

**FILED**

FEB -5 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Edward McLean, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Larry E. Johnson; James, Gray & McCafferty, Great
Falls, Montana

     For Respondent:

          Ronald B. MacDonald; Datsopoulos, MacDonald & Lind,
Missoula, Montana

---

           Submitted on Briefs:  December 13, 1990

                    Decided:  February 5, 1991

Filed:

                                      Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

This is an action for contribution. Mountain West Farm Bureau Mutual Insurance Company (Farm Bureau) appeals from an order of the District Court for the Fourth Judicial District, Missoula County, granting judgment on the pleadings to Credit General Insurance Company (Credit General). We affirm.

The issue is whether the District Court erred in ruling that the Farm Bureau insurance policy provided primary coverage and that the Credit General policy provided only excess coverage.

On September 16, 1988, a fire destroyed a residence owned by Gerald Richie in Ravalli County, Montana. Richie had purchased a policy of property and liability insurance from Farm Bureau for that property. Citizen's State Bank (the bank) had a security interest in the Richie property. The bank carried insurance with Credit General to protect its interest in the Richie property and in other properties in which it retained an interest.

In a bankruptcy proceeding, Farm Bureau petitioned for a determination of insurance coverage between itself and Credit General. The parties stipulated that Farm Bureau would pay $127,500, the policy limit on the residence, to the bank. Farm Bureau then brought this separate action to obtain contribution from Credit General.

Both the Farm Bureau and the Credit General insurance policies contained "other insurance" clauses. The Farm Bureau policy purchased by Richie provided

> If you are carrying other insurance on the property to
> which this policy applies, the coverage under this policy

2

is null and void. We may permit other insurance, however, by endorsement to this policy. If other insurance is permitted, we will not be liable for a greater portion of any loss than our pro rata share in excess of any deductible.

The Credit General policy purchased by the bank provided

If there is any other valid and collectible insurance which would attach if the insurance provided under this policy had not been affected, this insurance shall apply only as excess and in no event as contributing insurance, and then only after all other insurance has been exhausted.

The District Court concluded that the Credit General policy provided excess coverage which did not constitute "other insurance" within the meaning of the Farm Bureau policy. It therefore granted Credit General judgment on the pleadings.

In deciding this case, the District Court cited Mountain States Mut. Cas. Co. v. American Casualty Co. (1959), 135 Mont. 475, 342 P.2d 748. That case involved an accident in which a borrowed truck was at fault. The two insurance companies which were potentially liable were the insurer of the truck and the insurer of the borrower/driver of the truck. The lower court prorated liability between the two insurers. On appeal, this Court stated that

[A] non-ownership clause with an excess coverage provision does not constitute other valid and collectible insurance, within the meaning of a primary policy with an omnibus clause.

Mountain States, 342 P.2d at 752. Under this Court's ruling, the company that insured the truck bore full liability for damages.

Farm Bureau argues that application of the above rule to this case is error. It asserts that unlike Mountain States, this case involves two "non-ownership" insurance clauses. Farm Bureau argues

3

that its policy contains a "union-type" loss payable endorsement which constituted an independent insurance policy between itself and the bank, not dependent on the rights of Richie. It asserts that both its policy and the Credit General policy insured the same property, the same interest in the property, and the same risks payable to the same party: the bank. It urges that liability be prorated between the two carriers based on the limits of both insurance policies, as is done where two applicable policies have the same type of "other insurance" clauses. See Bill Atkin Volkswagen, Inc. v. McClafferty (1984), 213 Mont. 99, 689 P.2d 1237; Glacier Gen. Assur. Co. v. State Farm Mut. Auto. Ins. Co. (1968), 150 Mont. 452, 436 P.2d 533.

In this case, however, the two insurance policies do not have the same type of "other insurance" clauses. The "other insurance" clause in the Credit General policy is an excess clause. The Farm Bureau policy contains a pro-rata clause. In a majority of jurisdictions, such conflicts between two insurance policies covering the same interest are resolved as follows:

> in [a conflict between a policy with a provision that it will only provide excess coverage over that available from other policies and one which specifies that it will share coverage with other policies], the terms of the excess clause prevail over the terms of the pro-rata clause. As explained by many of the courts adopting this view, the policy containing the excess clause does not purport to cover the event until other insurance covering the event has been exhausted, so that there is no "collectible" insurance with which the loss can be shared by the insurance policy containing the pro-rata clause. Thus, the policy containing the pro-rata clause is the primary insurance on the event, and this policy must be exhausted before the excess policy is required to contribute anything.

Annotation, "Resolution of conflicts, in non-automobile liability

4

insurance policies, between excess or pro-rata 'other insurance' clauses," 12 ALR 4th 993, 997 (1982). The majority rule contains no limitation concerning whether the insurance policies are ownership or non-ownership policies.

We conclude that in this instance it is immaterial whether both insurance policy clauses are non-ownership clauses. The majority rule is consistent with <u>Mountain States</u> and does not conflict with the Montana cases cited by Farm Bureau. We agree with the rationale behind the majority rule and hereby adopt that rule in Montana. We therefore hold that the District Court did not err in deciding that the excess provision in the Credit General policy controls and that the Farm Bureau policy provides primary coverage. We further hold that the District Court did not err in granting Credit General's motion for judgment on the pleadings.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices