868 P.2d 353

**Jack Benton DANIELS and Patricia Hefley Daniels, husband and wife, Plaintiffs/Appellees,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Appellant.**

**No. 2 CA–CV 93–0218.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 13, 1994.

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr. and Scott H. Gan, Tucson, for plaintiffs/appellees.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellant.

**OPINION**

LIVERMORE, Presiding Judge.

This appeal is taken from the summary judgment entered in favor of plaintiffs/appellees Jack Benton Daniels and Patricia Hefley Daniels on the issue of coverage provided by a policy issued by defendant/appellant State Farm Automobile Insurance Company (State Farm). We affirm.

The underlying facts are undisputed. State Farm issued an automobile insurance policy to Patricia Hefley covering her Honda automobile from September 25, 1989 through March 23, 1990. Patricia was then residing with, but was not yet married to, Jack ·Daniels. Her adult son Rick Lee Smith also lived with the couple. On November 19, 1989, Patricia purchased a 1967 Chevrolet pickup truck. On November 24, Smith was driving the truck with his mother's permission and with Jack as a passenger when, as a result of Smith's negligence, the truck struck a light pole and Jack was severely injured.

The parties agree that the policy State Farm issued to Patricia Hefley provided coverage for Smith when he was driving a "newly acquired car." That term is defined by the policy as follows:

**Newly Acquired Car**—means a **car** newly owned by **you** or **your spouse** if it:

1. replaces **your car;** or

2. is an added **car** and:

a. if it is a **private passenger car, we** insure all other **private passenger cars,** or

b. if it is other than a **private passenger car,** we insure all **cars**

owned by **you** and **your spouse** on the date of its delivery to **you** or **your spouse;**

but only if **you** or **your spouse:**

1. tell us about it within 30 days after its delivery to **you** or **your spouse;** and

2. if **you** or **your spouse** has more than one of our **car** policies, tell us which one is to apply; and

3. pay us any added amount due.

State Farm was advised of neither the acquisition of the truck nor the accident until after August 1, 1991, when the Daniels sued Smith for damages and Smith requested that State Farm defend him. State Farm declined, and the Daniels entered a default judgment against Smith in the amount of $350,000 together with interest and costs.

Smith then assigned his rights against State Farm to the Daniels, who filed suit against State Farm seeking damages for breach of contract, bad faith, violation of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. They followed with a motion for partial summary judgment on the issue of coverage, which the trial court granted. The parties stipulated to damages in the amount of the Daniels' judgment against Smith, and this appeal followed.

The issue presented is whether coverage is afforded under the newly-acquired vehicle provision when the vehicle is involved in an accident within the thirty-day period for reporting the acquisition, but the insured fails to report the acquisition either within the thirty-day period or during the policy period. State Farm concedes that coverage under the provision is automatic for thirty days, provided that the insured notifies the company of the acquisition during that period, even if the notification occurs after the accident. Because it contends that the notification requirement and the provision as a whole are clear and unambiguous, and because there is no dispute that Daniels did not give notification until after the expiration of not only the thirty-day period but also the policy itself, State Farm argues that the provision should be enforced to deny coverage.

The parties agree that this is a question of first impression in Arizona, but one which has been litigated extensively elsewhere. *See* James L. Isham, Annotation, *Construction and Application of "Automatice Insurance" or "Newly Acquired Vehicle" Clause ("Replacement," and "Blanket," or "Fleet" Provisions) Contained in Automobile Liability Policy,* 39 A.L.R. 4th 229 (1985). Most jurisdictions have concluded that the purpose and effect of provisions such as the State Farm provision here is to provide automatic coverage during the notification period but to preclude coverage after that period unless the insured has given the necessary notification and otherwise complied with the terms of the provision. *See, e.g., Hall v. State Farm Mutual Automobile Ins. Co.,* 268 F.Supp. 995 (D.S.C.1966), *aff'd,* 378 F.2d 371 (4th Cir.1967); *Glacier General Assurance Co. v. State Farm Mutual Automobile Ins. Co.,* 150 Mont. 452, 436 P.2d 533 (1968); *Palmer v. State Farm Mutual Automobile Ins. Co.,* 614 S.W.2d 788 (Tenn.1981). *Contra Lowe v. State Farm Mutual Automobile*

*Ins. Co.,* 420 So.2d 318 (Fla.App.1982). We agree with the reasoning of the majority.

■ Moreover, "[s]ince coverage is automatic throughout the designated period, it is immaterial that the insured (1) does not notify the company within the period that he has acquired an additional automobile and (2) never pays an additional premium." *Hall,* 268 F.Supp. at 997. Timely notification is a condition precedent to continued coverage after, not during, the grace period. *Republic Mutual Ins. Co. v. State Farm Mutual Automobile Ins. Co.,* 527 F.2d 1002 (4th Cir.1975). Whether the notification was received during the grace period, or even during the policy period, is relevant not to the issue of the existence of coverage during the grace period but rather to the issue of whether State Farm may withdraw that coverage because it has been prejudiced by tardy notification. As the Daniels point out, however, no showing of prejudice has been made; accordingly, there is no issue of withdrawal of coverage. *See Globe Indemnity Co. v. Blomfield,* 115 Ariz. 5, 562 P.2d 1372 (App.1977); *see also Walter v. Simmons,* 169 Ariz. 229, 818 P.2d 214 (App.1991).

Affirmed.

LACAGNINA, and FERNANDEZ, JJ., concur.